## COMMONWEALTH *vs.* LLOYD WELLINGTON.

If an indictment for wrongfully desecrating and disfiguring a public burying-ground contains an accurate description of it by metes and bounds, the proof must correspond with the averment; and it is not sufficient to prove that a part of the lot described was a public burying-ground, although the acts complained of were committed upon that part.

A place may be shown to be a public burying-ground, in the trial of an indictment for wrongfully desecrating and disfiguring it, by evidence of use and occupation for the purposes of burial by others than the owners of the soil, and as of right; and if it has once acquired that character, it will not cease to have it by mere disuse.

It is no defence to an indictment for wrongfully desecrating and disfiguring a public burying-ground, to show that the defendant was the owner of the fee of small lots within it, under titles derived from various grantees to whom they had been conveyed, "to be used for burial-ground;" and evidence to show such ownership is inadmissible.

INDICTMENT for wrongfully desecrating and disfiguring a public burying-ground in Swanzey, which was particularly described by metes and bounds, by erecting a shed and maintaining a pen for hogs thereon, &c.

At the trial in the superior court, before *Ames*, J., a question of variance arose between the averment and the proof of the description of the burying-ground, which is fully stated in the opinion.

The defendant offered to prove that former owners of the lot described in the indictment " made deeds, conveying small lots within the limits of the lot in question to several grantees, ' to be used for burial-ground,' and that these grantees in like manner conveyed to Samuel S. Hull, under whose title the defendant occupied ;" but the evidence was rejected.

There was evidence that there were some twelve or fifteen very ancient graves, with illegible or indistinct inscriptions, scattered round upon the lot described in the indictment; that it has long been disused as a place for burials, until since 1831, when the former owner conveyed it to trustees, in trust, for the use and benefit of the Swanzey Union Meeting-House and of the pew-owners therein, that being a house for public worship built by persons belonging to three different denominations of Christians; and all the bodies buried there after 1831 were removed

before the acts of the defendant charged in the indictment. The defendant contended that use and occupation were not evidence of title in this prosecution; but the judge ruled otherwise, and instructed the jury that "a place might be shown to be a public burial-ground by evidence of dedication, occupation or user; that if it had once acquired that character, it did not cease to have it by mere disuse; that if it were a mere private place of burial, set apart by some former owner of the soil for the interment of his own relatives, the defendant must be acquitted; that it was not necessary to show that it was extensively used, and by many persons and families, but that burials had been made there by others than the owners of the soil, and as of right; that in the absence of any precise evidence as to the persons buried in the ancient graves, the fact that the graves were separate and apart from each other, instead of being in close proximity to each other, was relied upon by the prosecution as showing or having a tendency to show that the place was not a mere private or family burial-place; but that the jury were to consider the number, the inscriptions, so far as the names could be made out, and the circumstances generally."

The judge also stated that the conveyance of the lot to the trustees who held the title to the Union Meeting-House, and the fact that after such conveyance burials were renewed there, were facts which the jury might consider; and if in fact the members of a parish, or a union of Christian worshippers, even if not numerous, appropriated it as a place of interment, it would be a public, as distinguished from a family or private, burial-place.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. Williams*, for the defendant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The indictment charges the defendant with having wrongfully desecrated and disfigured a certain public burial-ground, situate in Swanzey in this county, which it describes by metes and bounds with minuteness and particularity. Evidence was introduced upon the trial tending to show that

there had been many interments in some parts of the lot of land thus described. The defendant contended that this evidence was insufficient to show that the whole of the lot had ever been used, occupied or appropriated as a burying-ground; that there was therefore a fatal variance between the fact proved and the allegation in the indictment, and that for this reason a verdict ought not to be rendered against him. But upon this subject the court instructed the jury that it was incumbent on the prosecution to prove that the lot of land described in the indictment or some portion of it was a public burying-ground, and that the defendant did within such public burying-ground some of the acts imputed to him. They were thus in effect advised that they ought to find him guilty if the evidence satisfied them that any part of said lot was a burying-ground, and that he disfigured and desecrated that part of it in the manner alleged, although it was not proved that the whole of the lot was or had ever been appropriated to such purpose.

In the application of the general rule that it is sufficient if the substance of the issue be proved, there is a distinction between allegations of matters of substance and allegations of matters of essential description. The former may be substantially proved; but the latter must be proved strictly and with precision and exactness. Whenever a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved; for they are essential to its identity. Thus, in an indictment for stealing a black horse, the animal is necessarily mentioned, but the color need not be stated; yet if it is stated, it is made descriptive of the particular animal stolen, and a variance in the proof of the color is fatal. 1 Greenl. Ev. §§ 56, 65. So in respect to the larceny of lumber, the special marks upon it need not be described; but if they are described, the omission or failure to prove them exactly as they are alleged would constitute an essential variance between the allegation and the proof, and would necessarily prevent a conviction. *State* v. *Noble*, 15 Maine, 476. And all the authorities affirm that where place is stated, not as venue but as matter of local description,

the slightest variance between the description of it in the indict-
ment and the evidence offered concerning it will be fatal. And,
in illustration of this rule, it is said that the slightest variance
between the indictment and the evidence in the name of the
place where the house is situate, or in any other description of
it, will be fatal, in indictments for stealing in a dwelling-house, or
burglary, or arson, or for entering a close by night, being armed,
for the purpose of taking game. Archb. Crim. Pl. (5th Amer.
ed.) 96. Roscoe's Crim. Ev. (2d ed.) 95. And in the case of
*United States* v. *Howard,* 3 Sumner, 14, it is said by Story, J.
that no allegation, whether it be necessary or unnecessary,
whether it be more or less particular, which is descriptive of the
identity of that which is legally essential to the charge in the
indictment, can ever be rejected as surplusage. And the rule
seems to be fully established, both in civil and criminal cases,
with respect to what statements in the declaration or indictment
are necessary to be proved, that if the whole of the statement
can be stricken out without destroying the accusation and charge
in the one case, and the plaintiff's right of action in the other, it
is not necessary to prove the particular allegation ; but if the
whole cannot be stricken out without getting rid of a part essen-
tial to the accusation or cause of action, then, though the aver-
ment be more particular than it need have been, the whole must
be proved, or the action or indictment cannot be maintained.
1 Chit. Pl. (6th Amer. ed.) 307. 3 Stark. Ev. (4th Amer. ed.)
1574. *Stoddart* v. *Palmer,* 3 B. & C. 2. *Bristow* v. *Wright,*
2 Doug. 667.

This being the rule of law, it is quite obvious what proof was
requisite in the present case to justify the conviction of the de-
fendant. It was of course absolutely necessary that the indict-
ment should mention the burying-ground, for the offence charged
against the defendant consisted in its desecration ; but it was
not essential that it should be described by metes and bounds.
But it having been so described, and it being impossible to
strike out the whole averment without taking from the indict-
ment the part essential to the allegation of the offence intended
to be charged, it was necessary that the whole description should

be proved exactly as it was set forth. The instructions of the court that the whole need not be proved, but that the defendant might be convicted if it was shown that a part of the lot of land described in the indictment as a burying-ground had been used and occupied for that purpose, and that the acts imputed to him had been done by him in that part of the lot, were therefore incorrect, and the exceptions thereto must be sustained.

This conclusion being apparently decisive against the maintenance of the indictment, it does not seem to be important to consider the other exceptions taken by the defendant. It is possible, however, that the same questions may arise upon a future trial, and therefore it is necessary to add that we do not think that either of the other exceptions can be sustained. It is competent to prove that a particular tract of land is a public burying-ground by showing its use and occupation for that purpose; Gen. Sts. c. 28, § 12; and the presiding judge was accurate in the directions which he gave upon this subject. The deeds offered in evidence by the defendant were rightly rejected, as being immaterial to the defence. *Exceptions sustained.*