·Syllabus.

FRANK SUTTON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield, April 3, 1893.*

1. CRIMINAL LAW—*rape—statute construed as to age.* The statute declares that "rape is the carnal knowledge of a female forcibly and against her will," and in the second clause, that "every person of the age of sixteen years and upward, who shall have carnal knowledge of any female person under the age of fourteen years, with or without her consent, shall be adjudged guilty of the crime of rape; *provided,* that every male person of the age of fourteen years and upward, who shall have carnal knowledge of a female forcibly and against her will, shall be guilty of the crime of rape." *Held,* that the proviso does not apply to the first clause of the section, and that a male under sixteen years of age might be guilty of the crime by having carnal knowledge of a female under fourteen, when the act was committed without her consent.

2. It is a familiar rule of construction that a proviso in a statute is intended to qualify what is affirmed in the body of the act, section or paragraph preceding it.

3. SAME—*rape—of the indictment—age of accused.* Where sexual intercourse is had with a female, forcibly and without her consent, it is not necessary to aver in the indictment that the accused was, at the time, of the age of fourteen years or upward, and such averment, if made, may be treated as surplusage, and need not be proved.

4. SAME—*burden of proof as to age.* On indictment of one for the crime of rape, by having carnal knowledge of a female without her consent, if the defendant was under fourteen years of age, and wishes to avail himself of that defense, he is required to prove it, and the question will then arise as to whether he knew right from wrong, and perhaps as to his physical ability to commit the crime.

5. SAME—*rape—want of consent of prosecutrix.* On a trial for rape, an instruction susceptible of the construction that the prosecution is only required to prove one element of the crime beyond a reasonable doubt, viz., sexual intercourse, making it incumbent upon the defendant to show that the act was with the consent of the prosecutrix, is misleading and erroneous. It is not necessary in such case that the jury shall affirmatively believe from the evidence that the prosecutrix consented to the sexual intercourse, to entitle the defendant to an acquittal. If they entertain a reasonable doubt on that subject, it is their duty to acquit.

6. Want of consent on the part of the prosecutrix is of the essence of the crime of rape, and must be proved by the prosecution, beyond a reasonable doubt, before there can be a legal conviction for that crime; and it is error for the court in its instructions to limit such doubt simply to the act of sexual intercourse.

7. SAME—*evidence as to conduct of prosecutrix in a charge of rape—after the commission of the alleged offense.* On a trial for rape, evidence of the conduct of the prosecutrix subsequent to the alleged crime, such as remaining with the defendants after reaching the company of others, failing to disclose the commission of the crime, etc., is competent, and should be considered by the jury in determining the guilt or innocence of the accused. But where the crime is proved by direct and positive evidence, the conduct of the prosecutrix is wholly immaterial. Such evidence is only admissible for the purpose of corroborating or contradicting her testimony.

8. CONTINUANCE—*sufficiency of affidavit—absence of witness.* An affidavit for a continuance on the ground of the absence of a witness, alleging that the witness was disabled from attending court by reason of advanced pregnancy and unfit condition to appear in public, is insufficient to show any legal excuse for the absence of the witness. There should have been at least the statement of a physician that she was physically unable to be present on the trial. Whether she was in a fit condition to appear in public was a matter of conclusion not proper for the affiant to state. The affidavit was also defective in failing to show that the witness refused to attend, or that she could not have done so.

9. PRACTICE—*in criminal cases—allowing jury to separate.* On the trial of felonies less than capital, there is no error in refusing to keep the jury together during the recesses of the court, and in allowing them to separate from time to time, until they retire to consider of their verdict, when no reason for keeping them together is shown. Cases both criminal and civil may arise in which it may be proper to keep the jury away from the public while the trial is in progress. But this may be safely left to the discretion of the judge trying the case.

WRIT OF ERROR to the Circuit Court of Champaign County; the Hon. F. BOOKWALTER, Judge, presiding.

Before the trial defendants entered a motion for a continuance on the ground of the absence of Mrs. Hulse, based upon the affidavit of the defendants' attorney, which stated that the defendants expected to prove by Mrs. Hulse that the prosecutrix came to the house of Mrs. Hulse the next morning after the alleged rape and remained there un-

til the time of the preliminary examination before the justice of the peace, and some days after; that she did not make any complaint to her about the commission of the alleged rape; that the first information Mrs. Hulse had of the matter was when the officer came in, the day of the preliminary trial, to take her to the magistrate's office; that the prosecutrix worked for Mrs. Hulse during the time of her stay there, and that Mrs. Hulse had frequent opportunity to have seen her clothing and to have noticed any stains of blood or other violent treatment, if she had received any; that while in her house prosecutrix did not complain of being sick or sore, or in any manner disabled; that the said Mrs. Hulse is disabled from attending the court, by reason of her advanced pregnancy and unfit condition to appear in public; that she is a married woman, residing with her husband in Urbana, and that the defendants expect to procure her attendance at the next term of this court.

The court overruled the motion for a continuance, to which ruling the defendants excepted. The other material facts in the case are stated in the opinion of the court.

Mr. J. S. Wolfe, for the plaintiff in error.

Mr. George Hunt, Attorney General, and Mr. L. A. Smyres, for the people.

Mr. Justice Wilkin delivered the opinion of the Court:

At the September term, 1891, of the Circuit Court of Champaign county, an indictment was returned against plaintiff in error, Thomas Blakesly, and Clara Cunningham, charging that, "on the 16th day of June, at and in the county of Champaign, and State of Illinois (the defendants named), feloniously and forcibly did make an assault, in and upon one Nellie Huhm, then and there being a female, and the said Frank Sutton, *then and there being a male person of the age of fourteen years and upwards,* did then and there feloniously have carnal knowledge of the said Nellie

Huhm, forcibly and against her will, and the said Thomas Blakesly, and Clara Cunningham, then and there being present, stood by and feloniously aided, and abetted, and assisted the said Frank Sutton, in having said carnal knowledge of the said Nellie Huhm forcibly, and against her will, as aforesaid.''

At the same term the parties were tried, and a verdict of guilty, fixing their term in the penitentiary at twenty years, returned against each of said defendants. A motion for a new trial was overruled, and judgment pronounced on the verdict. Frank Sutton alone excepted and sued out this writ of error.

Several grounds of reversal are urged, and we will consider them in the order in which they most naturally arise.

When the case was called for trial the defendants made a motion for a continuance on account of the absence of a material witness, the motion being supported by the affidavit of one of their attorneys. The motion was overruled, and an exception taken. This ruling is assigned for error. If for no other reason, the ruling of the Circuit Court was proper, because the affidavit failed to show any legal excuse for the absence of the witness. There should have been at least the statement of a physician that she was physically unable to be present at the trial. Whether or not she was in a fit condition to appear in public, was not for the attorney to state as a matter of conclusion. There was nothing to show that the witness herself refused to attend, or that she could not have done so. There are other objections to the sufficiency of the affidavit, but in the view here expressed they become unimportant.

After the trial had been entered upon, but before the first adjournment of the court, counsel for the defendants privately requested the court to order the jury kept together during the progress of the trial. The court informed them that, unless some reason for such an order was shown, it would not be made, and they declining to make any such

showing, the jury was permitted to separate, from time to time, until it retired to consider of its verdict, when it was put in charge of a sworn officer, as required by the statute.

The argument in support of the proposition that the court below erred in refusing said request, proceeds upon the broad ground that in every trial of felony in this State it is error for the court to permit the jury to go at large during the adjournments, unless the defendant expressly consents thereto.

Wharton on Criminal Law, vol. 3, sec. 3166, says: "In felonies, while the English practice is to refuse to permit such separation during recesses, in the United States the practice is to permit such separation in cases less than capital." And again, at sec. 3302, he repeats the statement by saying: "Even in felonies less than capital the jury are generally permitted to separate at the adjournments of the court, until the period when at the close of the trial the case is finally committed to their charge."

Trials of criminal cases in at least some of the Circuit Courts of this state have been uniformly conducted in accordance with the practice here announced, and we see no good reason for disapproving it.

Cases both criminal and civil may arise in which it will be proper to keep the jury away from the public while the trial is in progress, but they are the exception, and may be safely left to the discretion of the judge trying the case.

It is contended with much earnestness, that the verdict of the jury was not warranted by the evidence.

The testimony of the prosecuting witness as to the commission of the crime by the plaintiff in error is positive, and, so far as we can see, unequivocal. It is wholly uncontradicted by direct testimony. She is strongly corroborated by two witnesses, who swear that they heard her outcry, and pleading to be let alone, at the time she says the crime was committed, and these witnesses are also uncontradicted, and wholly unimpeached. Even in the argument of counsel

the act of sexual intercourse is admitted, and it is not denied that the prosecuting witness did for a time refuse to consent thereto; but the argument is, that either freely, or with reluctance, she finally consented. There is no evidence in the record upon which to base this position, unless it be in the conduct of the prosecutrix after the act, as shown by her cross-examination, and that, as we shall hereafter see, was wholly insufficient to overcome her direct testimony, and that of the two corroborating witnesses, to the effect that the intercourse was forcible, and against her will. We think the evidence clearly justified the jury in returning a verdict of guilty, at least as to this plaintiff in error.

Under this branch of the argument it is insisted, with a great deal of ingenuity, that, under our present statute, the allegation in the indictment, that plaintiff in error was, at the time of the commission of the crime, "of the age of fourteen years and upwards," is a material averment, and necessary to be established by proof, in order to warrant a conviction. It is conceded there is no such proof in the record. The statute is as follows: "Rape is the carnal knowledge of a female forcibly and against her will. Every male person of the age of sixteen years and upwards, who shall have carnal knowledge of any female person under the age of fourteen years, either with or without her consent, shall be adjudged guilty of the crime of rape; *provided,* that every male person of the age of fourteen years and upwards, who shall have carnal knowledge of a female forcibly and against her will, shall be guilty of the crime of rape." Counsel construe this language, taken as a whole, as defining the crime of rape, to be "the carnal knowledge of a female forcibly and against her will, *by a male person of the age of fourteen years and upwards.*" That the statute is somewhat awkwardly drawn is conceded, but we do not think it is susceptible of the construction placed upon it.

In the first sentence we have a complete difinition of the crime. Bishop on Criminal Law, vol. 2, sec. 935, note 2. It is the same definition used in our statute before the amendment, when the offense was committed without the consent of the female. That definition remains in this statute unaffected by that which follows it. It is a familiar rule of construction, that "a proviso in a statute is intended to qualify what is affirmed in the body of the act, section, or paragraph preceding it." *Boon* v. *Juliet*, 1 Scam. 258.

In *Huddleston* v. *Francis et al.*, 124 Ill. 195, we quoted and approved the following language from a note on page 118 of Potter's Dwarris on Statutes: "The office of a proviso generally is, either to except something from the enacting clause, to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be brought within its purview." See, also, *Chicago v. Phœnix Ins. Co.*, 126 Ill. 280.

Applying these well settled rules of interpretation to the statute in question, the proviso must be held to apply to the sentence immediately preceding it, and nothing more. Without it that sentence might be construed to mean that a boy under sixteen years of age could not be guilty of the crime by having carnal knowledge of a girl under fourteen, even though the act was committed without her consent. The proviso makes it clear that no such construction was intended by the legislature, and that is its only purpose. At common law, a boy under fourteen years of age was conclusively presumed incapable of committing a rape, and that strictness is adhered to in some jurisdictions in this country, but it has never been held that, in charging the crime as defined at common law, it was necessary to aver that the accused was, at the time, of the age of fourteen years or upwards. Wharton on Criminal Law, vol. 2, sec. 1453; *Commonwealth* v. *Sugland*, 4 Gray, 7; *Same* v. *Scamal*, 11 Cush. 547; *Ward* v. *State*, 12 Tex. App.

174; *Cornelius* v. *The State*, 13 id. 349; *People* v. *Ah Yek*, 29 Cal. 575.

This indictment would, therefore, have been good under the first definition of the statute above quoted, without the averment as to the age of the plaintiff in error, and hence that averment might have been stricken out as surplusage. Wharton on Criminal Law, vol. 1, sec. 622; *Mobly* v. *State*, 46 Miss. 501; *Durham* v. *People*, 4 Scam. 172.

That averment being surplusage, the people were not bound to prove it. *Durham* v. *People, supra.* If the defendant was in fact under fourteen years of age, and wished to avail himself of that defense, he was bound to prove it. The question would then have arisen as to whether he knew right from wrong, and perhaps as to his physical ability to commit the crime. The prosecution was not called upon in the first instance to introduce any proof whatever as to his age.

In charging the jury, the court gave the instructions asked by the prosecution, but refused all those submitted by counsel for the defendants, and of its own motion gave seven others. This course was pursued, no doubt, because the instructions asked by defendants' counsel were very numerous, and some of them, at least, objectionable.

The fifth of those given by the court of its own motion was in the following language: "The court instructs you, the jury, that if you believe from the evidence, beyond a reasonable doubt, that the defendant Sutton had sexual intercourse with Nellie Huhm, yet if you further believe from the evidence that she consented thereto, though reluctantly, or if she refused to have sexual intercourse with Sutton, and that such refusal was not in earnest but feigned, and that she consented to such sexual intercourse; or if at first she refused, and for a time in earnest and good faith, to have sexual intercourse with Sutton, but that notwithstanding that, she was coaxed and persuaded to have such sexual intercourse without being forced to do the act of sexual

intercourse, that then, and in either case, the defendant Sutton is not guilty of committing the crime of rape, as charged in the indictment, and in such case it is your duty as jurors, under the law, and under your oaths, to acquit all of the defendants.''

It is insisted that this instruction was calculated to mislead the jury to the prejudice of the plaintiff in error.

We can not say the instruction is free from objection. It is susceptible of the construction that the prosecution was only required to prove one element of the crime beyond a reasonable doubt, viz., sexual intercourse, making it incumbent upon the defendants to show that the act was with the consent of the prosecutrix, and so understood, it would be clearly erroneous and misleading. Want of consent on the part of the female is of the essence of the crime of rape, and must of course be proved by the prosecution, beyond a reasonable doubt, before there can be a legal conviction for that crime. It was not, therefore, necessary in this case that the jury should affirmatively believe from the evidence that Nellie Huhm consented to the act, in order to entitle Sutton to a verdict of not guilty. If they entertained a reasonable doubt on that subject, it was their duty to return a verdict for the defendants.

Manifestly the purpose of the instruction was to impress upon the minds of the jury, not that consent to the sexual act would entitle the defendants to an acquittal, but that, *reluctance* in giving consent, or a *mere pretended refusal*, etc., would not in a legal sense amount to a refusal, and so, we think, a jury would be most likely to understand it. But conceding that, standing alone, it might not be so construed, when considered in connection with the first of the same series of instructions, it could not have misled the jury. That instruction tells them expressly, that ''if the prosecution have failed to prove, beyond a reasonable doubt, not only that Sutton had sexual intercourse with Nellie Huhm, but that said sexual intercourse was forcible on the part of Sutton,

and against the will of Nellie Huhm, then it is the duty of the jury under the law, and under their oaths, to acquit the defendants.'' Taking these two instructions together, no injury could have resulted to the defendants by the giving of the fifth.

It is also urged with greater force of reason, that the trial court erred by refusing to instruct the jury that, it was their duty to take into consideration the conduct of the prosecuting witness, as shown by the evidence, subsequent to the alleged crime; such as remaining with the defendants after reaching the company of others; failing to disclose the commission of the crime, etc. Such instructions were asked by counsel and refused, and none given in their stead. It is undoubtedly true that such evidence is competent, and should be considered in determining the guilt or innocence of the accused in prosecutions of this kind. Greenleaf on Evidence, vol. 3, 212. We would have been better satisfied with this record, if it appeared that the jury had been instructed to that effect. It does not follow that the judgment of conviction should be reversed because it was not done.

Evidence of such subsequent conduct is only admissible for the purpose of corroborating or contradicting the prosecutrix. Its weight must, therefore, always depend upon the facts and circumstances relied upon to prove the crime. For instance, if the crime be proved by direct and positive testimony, the conduct of the outraged female, after its commission, is wholly immaterial. Through shame, or fear, she may conceal, or even deny, that the act was committed. Even where the proof of the crime depends upon her own testimony, inconsistent conduct on her part afterwards may be of little or no importance, depending upon her age, experience and intelligence. In this case the crime was committed as sworn to by the girl, corroborated as we have seen by two witnesses, about midnight, some six miles from Champaign City, where the parties separated. Nellie Huhm was then less than fifteen years of age. If she is to

be believed, and no reason is shown why she should not be, especially since she is corroborated, and no one denies her statements, she found herself at midnight, in a strange neighborhood, betrayed, not only by Sutton, and Blakesly, his associate, but by the woman in whom she had confided. That she did then cry out, and plead to be spared, is as clearly proved as a fact of that kind can be, but it availed her nothing. The evidence in this record, that sexual intercourse was then and there had with her, and against her will, is to our minds clear and convincing. As before said, the fact of sexual intercourse is not denied. It was admitted by Sutton, in terms too indecent to be repeated. The only contention is that it is not shown that she did not consent. She swears she did not, and to the same effect is the evidence of the witnesses who heard her crying, and pleading, "for God's sake, let me alone." But it seems to be argued that, although she did for a time refuse, she finally consented; that her refusal was only feigned; that she did not refuse in good faith; and the fifth instruction, *supra,* proceeds upon the theory that there was some such evidence before the jury, but we have failed to find it. Who swears that she finally consented? Can it be possible that a girl, little more than a child, was feigning a refusal, when her outcry and pleading was heard a quarter of a mile away by both Florence and McCormick? It is true, she rode back to town with the defendants, and remained with them until morning; that she did not disclose the crime until interrogated about it, on information which came to others, from said two witnesses. It is true that she could have escaped from the defendants' company after they brought her back to Champaign, and have put herself under the protection of others; but she was a country girl, comparatively unacquainted in the city, without experience. And so we say, the evidence of her subsequent conduct, under all the circumstances, would be of no weight with a jury in

deciding upon the guilt of the defendants. We can not doubt that any intelligent jury would, upon the evidence in this record, find the defendant Sutton guilty, however forcibly the subsequent conduct of the girl might be pressed upon their attention, and hence we hold there was no reversible error in refusing said instruction.

It is finally urged that the punishment is excessive. The crime of rape is punishable under our statute by imprisonment in the penitentiary, and the term may extend to the natural life of the accused. There is no more heinous crime known to the law. As we have already indicated, there are circumstances proved by this record of the most aggravating character, and we are of the opinion that the plaintiff in error has no just grounds of complaint on account of the severity of his sentence.

There are, perhaps, other points in the argument urged as grounds of reversal, but we have noticed the substantial ones, and are convinced that the judgment of the court below should be affirmed.                    *Judgment affirmed.*