COMMONWEALTH *vs.* DAVID CROWLEY & another.

Suffolk.   March 29, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Criminal Law — Verdict — Motion in Arrest of Judgment.*

A verdict of guilty of an assault with intent to commit larceny, rendered at the trial of an indictment under Pub. Sts. c. 202, § 26, which cannot be supported in its full extent, is not wholly invalid, but the defendant may properly be sentenced for an assault and battery, which is well charged in the indictment.

MOTION in arrest of judgment upon a verdict rendered at the trial of an indictment under Pub. Sts. c. 202, § 26.   After the former decision, reported 167 Mass. 434, ordering the defendants to be sentenced for the offence of assault and battery, they moved in the Superior Court that the judgment be arrested for the following reasons:

" 1.  The indictment never properly charged the full offence under Pub. Sts. c. 202, § 26, confining with intent, etc., and the defendants were not acquitted of that offence, as the verdict of the jury would not constitute a good plea of ' autrefoit acquit' in another trial of the same indictment for the same crime.

" 2.  Since the only offence well charged in the indictment is assault and battery, it is obvious that they could never have been legally convicted of the full offence under Pub. Sts. c. 202, § 26, and that being so, they were never acquitted of the full offence.

" 3.  The verdict of the jury cannot be severed into different parts, and the verdict as to Crowley and Green must be taken as a clear acquittal of everything well charged in the indictment, and the verdict as to the second and third counts are ineffective and are dehors the record.

" 4.  The crime of confining was not well charged in the indictment, and the verdict of ' Not guilty,' first count, must be construed to be an acquittal of everything contained in the indictment, as a verdict of ' Not guilty ' cannot be severed.

" 5.  By the ordering of a sentence of simple assault and battery, and thereby eliminating the ' assault with intent to commit

larceny' from the verdict, the verdict in this case is vacated, and the court on the record has no right or authority to sentence.

" 6. The verdict of the jury is repugnant, inconsistent, ambiguous, and defective in every particular, and no judgment or sentence can be rendered upon it."

This motion was overruled; and the defendants appealed to this court.

*F. F. Sullivan & J. M. Sullivan,* for the defendants.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.

ALLEN, J. The defendants rely, in support of their new motion in arrest of judgment, upon *Crain* v. *United States,* 162 U. S. 625; but we find nothing in that decision which touches the objections presented by the present motion.

We heretofore held that the verdict was properly received and recorded. The defendants were not convicted of the full offence with which they were charged, and the verdict of guilty which was rendered could not be supported in its full extent; but it included a smaller offence which was well charged, and for which they might properly be sentenced under the indictment. The verdict was not wholly invalid, because it included the element of an intent to commit larceny.

The other objections now taken are covered by the former decision.                        *Motion in arrest rightly overruled.*