HUGH ELLIS v. THE STATE.

No. 644.  Decided May 25, 1910.

**1.—Local Option—Indictment—Gift—Surplusage.**

Where an indictment alleged the gift as well as the sale of intoxicating liquors to another, the allegation as to the gift of such liquor may be treated as surplusage and the indictment is nevertheless sufficient. Following Jordan v. State, 37 Texas Crim. Rep., 222.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, there was no evidence that local option was in effect in the county of the prosecution, the conviction could not be sustained.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $50 and thirty days imprisonment in the county jail.

Motion was made to quash the indictment because it charged appellant "did then and there unlawfully and wilfully sell and give away to one Alvin Blassingame intoxicating liquor, with the purpose of evading the laws of said State." It is contended that under this allegation appellant could be convicted of giving away the intoxicants in violation of said law. The allegation with reference to giving away intoxicating liquors should not have been included in the indictment. It is not a violation of the local option law to give away whisky. This, however, may be treated as surplusage in the indictment and the indictment held good. We are of opinion that the indictment is not fatally defective on account of this allegation. Jordan v. State, 37 Texas Crim. Rep., 222.

The motion for new trial is based upon two grounds: first, the verdict and judgment are contrary to and against the evidence; second, that the verdict and judgment are contrary to and against the law. We are of opinion that these contentions are correct. There was only one witness testified, and his testimony related exclusively to the transaction between himself as the purchaser and appellant. There is no evidence contained in the statement of facts that local option was in effect in the county. In order to have a violation of the local option law, that law must be operative in the territory where the alleged sale occurred. Because the evidence does not show said law in operation the judgment will be reversed and the cause remanded.

*Reversed and remanded.*