## ULYSES BOWLES v. THE STATE.

### No. 1901. Decided October 23, 1912.

**1.—Gaming—Offense Defined.**

Under article 557, Penal Code, betting on any game played with dice is made an offense wherever played.

**2.—Same—Surplusage—Information.**

Where the information charged that defendant bet at a game played with dice at a private residence, the allegation that the private residence was commonly resorted to for the purpose of gaming was surplusage and the State could make out its case without proving said last allegation, and there was no error in the court's failure to charge that such proof was necessary.

**3.—Same—Convict—Felony—Witness.**

Where the witness had been convicted of felony and no final judgment had been pronounced against him when he testified, he was a competent witness. Articles 27, Penal Code, and 788, Code Criminal Procedure.

Appeal from the County Court of Van Zandt. Tried below before the Hon. C. L. Stanford.

Appeal from a conviction of playing at a game of dice called "craps;" penalty, a fine of $10.

The opinion states the case.

*Reese & Hubbard,* for appellant.—On the insufficiency of the information: Williams v. State, 48 Texas Crim. Rep., 325, 87 S. W. Rep., 1155.

On question of convict's testimony: Gray v. State, 65 Texas, Crim. Rep., 204, 144 S. W. Rep., 283.

On question of common resort for gaming at private residence: Spencer v. State, 49 Texas Crim. Rep., 382, 92 S. W. Rep., 847; Hipp v. State, 75 S. W. Rep., 28; Handy v. State, 49 Texas Crim.

Rep., 381, 92 S. W. Rep., 848; Purvis v. State, 62 Texas Crim. Rep., 302, 137 S. W. Rep., 701; Young v. State, 97 S. W. Rep., 90.

*C. E. Lane,* Assistant Attorney-General, and *M. G. Sanders,* County Attorney, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—By complaint and information appellant was charged with betting at a game played with dice called "craps" at the private residence of Charley Randall, which said private residence was commonly resorted to for the purpose of gaming. The jury fixed the lowest penalty.

Under the statute, Penal Code, article 557, betting on any game played with dice is made an offense wherever played.

The case was tried by the State on the theory that that part of the information charging that the private residence of Randall was commonly resorted to for the purpose of gaming was surplusage. On the part of the appellant it was tried on the theory that it took that to make the offense and that the allegation, having been made, it was necessary to prove it.

The testimony, without question, was sufficient to justify the jury to convict if the said allegation could be treated as surplusage and did not have to be proved by the state in order to make out the offense. Without the last words in the information, "which said private residence was commonly resorted to for the purpose of gaming" it properly charged an offense against appellant. These last words were, therefore, surplusage and the State was correct in so treating them and so was the charge of the court. Sheppard v. State, 1 Texas Crim. App., 304; Warrington v. State, 1 Texas Crim. App., 168; Ellis v. State, 59 Texas Crim. Rep., 419, 128 S. W. 1125; Jordan v. State, 37 Texas Crim. App., 222, 39 S. W. 110; Pittman v. State, 14 Texas Crim. App., 576; Mayo v. State, 7 Texas Crim. App., 342; Smith v. State, 7 Texas Crim. App., 382; Cudd v. State, 28 Texas Crim. App., 124; Hammons v. State, 29 Texas Crim. App., 445.

The court, therefore, did not err in refusing to give appellant's special charges, making it essential to the conviction that the State should prove that the said private residence was commonly resorted to for gaming. And appellant's contention that as the evidence showed said Randall's house was a private residence where his family resided and even though not resorted to commonly for gaming purposes, was no defense. The statute makes it an offense, as stated above, to bet anywhere on any game played with dice.

The appellant objected to the State's witness Bud Gray testifying, because he had been convicted of a felony. The whole bill and the qualification thereof by the judge, shows that while he had been convicted of a felony he had appealed his case, and although the judgment had been affirmed it was still pending on a motion for

rehearing. Therefore, the judgment was not final at the time he was offered as a witness and testified. He was, therefore, not an incompetent witness. Penal Code, article 27 and cases cited thereunder. Also article 788, Code Criminal Procedure, subdivision 3 and cases cited thereunder. The judgment will be affirmed.

*Affirmed.*