## CHARLEY KINNEBREW v. THE STATE.

### No. 1947. Decided October 30, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Law in Force.**

Where, upon appeal from a conviction of pursuing the occupation of selling intoxicating liquors in a county where prohibition had been adopted, the statement of facts did not show that prohibition was in force in said county, the cause must be reversed and remanded.

**2.—Same—What the Record Must Show—Prohibition Territory.**

The record must show that prohibition has been adopted—in a prosecution for pursuing the occupation of selling intoxicating liquors—in the county of the prosecution; as the court can not judicially know in what portions of the State the people have adopted this law.

**3.—Same—Occupation—Sale—Definition.**

The pursuit of the occupation of selling intoxicating liquors in prohibition territory is a distinct offense from that of making a sale therein, and the court must properly so charge the jury.

Appeal from the District Court of Jasper. Tried below before the Hon. W. P. Powell.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Forse & Wigley* and *Wightman & Hancock,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for and convicted of pursuing the occupation of selling intoxicating liquors in a county where prohibition had been adopted.

The record is fatally defective, in that the statement of facts does not show that prohibition is in force in Jasper County, Texas. The record contains a memorandum stating that the State introduced certain orders of the Commissioners' Court showing that an election was held on the 8th day of June, 1902, but nowhere discloses the result of the election, whether for or against prohibition. Why the prosecuting officers will send us records in this condition we are at a loss to understand. Evidently these orders as introduced would show the result of the election, and why not copy them in the statement of facts, or at least a sufficient portion of them to show the result of the election? Perhaps days were spent in the trial of this case, yet when it comes to making up the record for this court to review, a most material fact necessary to be proven is omitted from the record, and yet it is signed by the district judge and district attorney, and agreed to as a correct statement of the facts proven. Such negligence is almost inexcusable. There is no doubt

a conviction could not have been obtained if this fact had not been proven, and yet the record is sent to us with this material fact omitted. Wherever prohibition has been adopted that fact must be shown by the record, for we do not judicially know in what portions of Texas the people have adopted this law. It is left to their option, and if they have so elected, it must be shown.

There are other matters complained of in the record, but we do not deem it necessary to discuss them, as this omission from the record will necessitate a reversal of the case.

We will say, however, that the pursuit of the business or occupation is a different and distinct offense from making a sale, and the elements of the offense ought to be defined in the charge and proven on the trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*