### John Johnson v. The State.

No. 2500.   Decided June 4, 1913.

**1.—Local Option—Indictment—Felony—Presumption.**

Where the indictment does not allege when prohibition went into effect and
the offense is committed after the felony statute went into effect, the indictment
prima facie charges a felony.   Following Enriquez v. State, 60 Texas Crim. Rep.,
580, and other cases.

**2.—Same—Date of Election—Matter of Form—Amendment.**

The date on which a prohibition election was put in force is a matter of form and defendant can only take advantage thereof by motion to quash, when the State can amend. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

**3.—Same—Proof of Law in Force—Judicial Knowledge.**

Unless proof is made showing that prohibition is in force at the time the alleged violation occurred, the conviction can not be sustained, and the courts can not take judicial notice that prohibition is in force. The personal knowledge of the presiding judge is not judicial knowledge, and it was, therefore, error in the absence of proof to charge that that law was in force. Following Ellis v. State, 59 Texas Crim. Rep., 419, and other cases.

Appeal from the County Court of San Saba. Tried below before the Hon. J. T. Hartley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $37.50 and five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The grand jury of San Saba County indicted appellant and another jointly for an illegal sale of intoxicating liquors after an election putting prohibition in force had been had, properly declared and published. The indictment charges the offense to have been committed on September 7, 1912. After the indictment was properly returned and filed in the District Court, the district judge made an order that as the indictment was for a misdemeanor the District Court had no jurisdiction thereof and properly transferred the case to the County Court. There was a severance and appellant tried first.

The indictment does not allege when the election was held in San Saba County, nor when prohibition therein went into effect. This court has uniformly held that where the indictment does not allege when prohibition went into effect, and that the offense was committed after the felony statute went into effect, that the indictment prima facie charged a felony. Enriquez v. State, 60 Texas Crim. Rep., 580; Garner v. State, 62 Texas Crim. Rep., 525.

This court has also uniformly decided that the date on which a prohibition election was put in force was a matter of form, and in order for a defendant to take advantage thereof, it was necessary to properly plead to the jurisdiction, but that the State could amend the indictment, or complaint and information showing the date prohibition was put in force. Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348. We merely call attention to these matters so that the parties in the lower court can govern themselves in accordance with said decisions.

There is but one question raised necessary to be decided. This court has uniformly held and there are a large number of decisions to that effect, that a conviction for violating the prohibition law in any county or subdivision thereof where prohibition has been adopted, can not be

sustained unless proof was made showing that prohibition had been adopted and was in force at the time the alleged violation occurred. That the courts can not take judicial notice that prohibition is in force in any county or subdivision thereof. The personal knowledge of the presiding judge is not judicial knowledge. After proof has been made in the case by showing the order for the election, the order of the Commissioners Court declaring the result favorable to prohibition and the order putting prohibition in force and showing the publication of the order, then the court can charge the jury that prohibition is in force, but it can not do so unless this proof or order to the same effect is made. Dorman v. State, 141 S. W. Rep., 526; Ellis v. State, 59 Texas Crim. Rep., 419, 128 S. W. Rep., 1125; Kinnebrew v. State, 150 S. W. Rep., 775; Powdrill v. State, 61 Texas Crim. Rep., 431, and a large number of other cases unnecessary to cite. In this case the judge of the lower court erroneously held that he had judicial knowledge that prohibition was in force in San Saba County and the statement of facts shows that no evidence was introduced to show that prohibition was in force. This was properly raised by the appellant at the time in the court below in various ways. This was error for which the judgment must be reversed. There is nothing else raised necessary to be decided.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*