THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT BOER, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. CRIMINAL LAW—*conclusion of robbery count setting up matter of aggravation is not a separate count.* Where a count for robbery, in the usual form, concludes with the statement that the accused was then and there armed with a dangerous weapon, etc., the conclusion is not a separate count but is merely a statement of the aggravated form of robbery under the statute.

2. SAME—*when indictment for robbery is not fatally defective.* Where the conclusion in an indictment for robbery, consisting of a single count, is defective in stating that the accused was armed with a dangerous weapon, intending to kill and maim himself, (the name of the accused being inserted where the name of his victim should have been,) the indictment is not fatally defective as a charge of the offense of plain robbery, since the averments with respect to the circumstances of aggravation may be stricken out as surplusage.

3. SAME—*when part of a verdict may be stricken out as surplusage.* Where the circumstances of aggravation in an indictment of one count for robbery are so imperfectly alleged that the jury could not properly find the accused guilty of the aggravated offense, and the jury returns a verdict finding the accused guilty of robbery and also that he was guilty of the aggravated offense of being armed with a dangerous weapon with intent to kill and maim the person so robbed, the provision of the verdict as to the aggravated offense may be stricken out as surplusage and the verdict sustained as a verdict of guilty of plain robbery.

4. SAME—*when a judgment sentencing prisoner for aggravated form of robbery is erroneous.* If the allegations of the indictment, consisting of a single count, and the finding of the verdict, are good as to the offense of plain robbery but not as to the aggravated offense of being armed with a dangerous weapon with intent to kill and maim the person robbed, a judgment finding the accused guilty of robbery and that he was guilty of the aggravated offense, and sentencing him for an indeterminate term not exceeding the maximum fixed by the statute "for the crime whereof he stands convicted," is erroneous, as the maximum term for the aggravated offense is greater than that for plain robbery, and the judgment will be reversed on writ of error and the cause remanded for the entry of a proper judgment.

5. SAME—*prisoner is entitled to have the erroneous judgment corrected.* One found guilty of the offense of robbery but who is erroneously found by the judgment to be also guilty of the aggravated offense of being armed with a dangerous weapon with intent to kill and maim the person robbed and is given an indeterminate sentence in accordance with such finding, is entitled to have the erroneous judgment corrected, regardless of the question of his right to a writ of *habeas corpus* at the termination of the maximum term for plain robbery.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

GEORGE REMUS, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Albert Boer, was indicted in March, 1913, in the criminal court of Cook county, for robbery. On a trial before a jury he was convicted, and the court finding him eighteen years of age, sentenced him to the State reformatory at Pontiac. This writ of error was then sued out.

The indictment was in one count for robbery, charging plaintiff in error, in the usual form, with making an assault upon one Thomas O'Connor, and that he "then and there, feloniously and violently, by force and intimidation, did rob, steal, take and carry away" certain described property of said O'Connor. The count then concluded with matter of aggravation, in the following words: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Albert Boer then and there was armed with a certain dangerous weapon, to-wit, a certain revolver, with the unlawful and felonious intent then and there, if resisted, then and there to kill and maim the said

Albert Boer in the said robbery, contrary to the statute and against the peace and dignity of the same People of the State of Illinois."

It is erroneously stated in the briefs that the last quoted words, setting out the matter of aggravation, constituted a second count in the indictment. The last part of said count quoted above, taken in connection with the first part, is merely a statement of one of the aggravated forms of robbery under section 246 of division 1 of the Criminal Code, which reads: "Robbery is the felonious and violent taking of· money, goods or other valuable thing, from the person of another by force or intimidation. Every person guilty of robbery, shall be imprisoned in the penitentiary not less than one year nor more than fourteen years; or if he is armed with a dangerous weapon, with intent, if resisted, to kill or maim such person, or being so armed, he wounds or strikes him, or if he has any confederate present so armed, to aid or abet him, he may be imprisoned for any term of years or for life." The words denominated by counsel as a second count are in the usual form employed in charging robbery when the accused is armed with a dangerous weapon. (1 Wharton on Indictments and Pleas, sec. 411; 3 Bishop's New Crim. Proc.—2d ed.—sec. 1002; see, also, *People* v. *Tierney,* 250 Ill. 515.) This being true, the arguments in the briefs as to a verdict on one count being an acquittal on the other need not be considered.

The indictment, in charging the aggravated circumstance of plaintiff in error being armed with a dangerous weapon, erroneously concluded with the averment, "if resisted, then and there to kill and maim the said *Albert Boer,"*—that is, charging plaintiff in error with an intent .to kill and maim himself. Clearly, the name "Albert Boer" instead of "Thomas O'Connor" was inserted by mistake in the last part of the count. Is the indictment fatally defective because of this error? We think not. In *Durham* v. *People,* 4 Scam. 172, this court laid down the rule that

whenever an averment could be stricken out without viti-
ating the indictment, it might on the trial be treated as
surplusage and rejected. In *Sutton* v. *People,* 145 Ill. 279,
a very similar question arose in construing the statute on
rape. The court there said (p. 286) : "This indictment
would therefore have been good, under the first definition
of the statute above quoted, without the averment as to
the age of the plaintiff in error, and hence that averment
might have been stricken out as surplusage. [Citing au-
thorities.] That averment being surplusage, the People
were not bound to prove it." In Russell on Crimes (vol. 3,
6th ed. p. 430,) the author states that it is not necessary
"to prove the offense charged in the indictment to the whole
extent laid, for it is fully settled that in criminal cases it
is sufficient for the prosecutor to prove so much of the
charge as constitutes an offense punishable by law. 'The
distinction,' said Lord Ellenborough, * * * 'runs through
the whole criminal law, and it is invariably enough to prove
so much of the indictment as shows that the defendant has
committed a substantive crime therein specified.' * * *
On a charge of robbery, where the property was not taken
from the person by violence or by putting in fear, the
prisoner may be found guilty of the simple larceny, only."
In Bishop's New Criminal Procedure (vol. 1, 1895 ed.
sec. 479,) it is stated that "an indictment, either on a stat-
ute or at the common law, fully setting out the offense, is
not rendered ill by the addition of matter aggravating it
beyond the law's defining;" and in section 480, that "de-
fective allegations do not impair an indictment if, on their
being rejected, what remains fully covers the law." (See,
also, Starkie on Crim. Pl.—1st Am. ed.—273, 275; *State*
v. *Williams,* 8 Iowa, 533; *Schwabacher* v. *People,* 165 Ill.
618; *Bruen* v. *People,* 206 id. 417; *McKevitt* v. *People,*
208 id. 460.

The jury returned a verdict finding plaintiff in error
guilty of robbery "in manner and form as charged in the

indictment, and we further find, from the evidence, that at the time of the commission of said robbery the defendant was armed with a dangerous weapon, to-wit, with a revolver, with intent, if resisted, to then and there kill or maim the person so robbed," etc. Under the indictment as drawn the jury could not properly find plaintiff in error guilty of the aggravated statutory offense. That part of the verdict, however, may be disregarded as surplusage, for if plaintiff in error was guilty of the aggravated offense he was plainly guilty of robbery under the statute, as charged in the first part of the count. In *Armstrong* v. *People,* 37 Ill. 459, where the jury found the defendant guilty and fixed his punishment at a term in the penitentiary, "together with a fine of $100," when they had no authority, under the law, to fix any fine, the court held that the attempt to do so did not vitiate the verdict. In *Henderson* v. *People,* 165 Ill. 607, the jury in their verdict fixed a punishment, which, under the law, could not be done by the jury. The court held that part of the verdict as surplusage and directed the trial court to enter a proper judgment. In *Statler* v. *United States,* 157 U. S. 277, the court held that if a jury gives a verdict of the issue and something more, that which is more is surplusage and shall not stay judgment. To the same effect are *Patterson* v. *United States,* 2 Wheat. 221; *Commonwealth* v. *Crowley,* 168 Mass. 222; *Traube* v. *State,* 56 Miss. 153; *Wallace* v. *State,* 70 Tenn. 29; *Mountain* v. *State,* 40 Ala. 344.

The judgment entered by the trial court stated that the plaintiff in error was guilty of the crime of robbery, and that at the time of its commission he was armed with a revolver, with intent, if resisted, to kill or maim the person robbed, and sentenced him to the Illinois State Reformatory at Pontiac "for a term of years not to exceed the maximum fixed by statute for the crime whereof he stands convicted," etc. Bishop, in his New Criminal Procedure, (vol. 1, 1895 ed. sec. 1333,) states: "When there is ag-

gravating matter defectively laid in an indictment of one count, any sentence thereon will be valid if within what the law allows for the good part,—not otherwise. If the sentence is made erroneous by including the bad, the court should not arrest the judgment but reduce it to the milder punishment." It will be noted that in the statute on robbery the punishment for robbery without matter aggravating the offense is from one to fourteen years, while for the aggravated offense the punishment is for any term of years or for life. The aggravated matter in the indictment and the verdict being disregarded as being surplusage, the court could not properly sentence the plaintiff in error for the aggravated offense. Under this indictment the court could only legally sentence plaintiff in error for a term not exceeding fourteen years, while the form of the judgment as construed by the court (*People* v. *Campbell*, 246 Ill. 432; *People* v. *Nowasky*, 254 id. 146;) is for a term of years not exceeding the maximum term fixed by the statute for the aggravated offense. Clearly, under the form of the judgment the reformatory officials would so understand it. A certified copy of the judgment is the only *mittimus* required to convey the convicted person to the penitentiary or reformatory. (*People* v. *Murphy*, 188 Ill. 144.) While it may be true, as contended by counsel for the State, that if the public authorities should imprison him for a term longer than the maximum term for robbery without any aggravated circumstance,—that is, longer than fourteen years,—he would have a remedy by a writ of *habeas corpus*, yet he is entitled, under the writ of error, to have the judgment order correctly entered. *Wallace* v. *People*, 159 Ill. 446; *Neathery* v. *People*, 227 id. 110; *People* v. *Coleman*, 251 id. 497; *Henderson* v. *People, supra*.

The judgment will be reversed and the cause remanded to the criminal court of Cook county, with leave to the State's attorney of that county to move for, and directions

to the court to enter, a proper judgment on the verdict, sentencing plaintiff in error to the Illinois State Reformatory at Pontiac under the statute on robbery but without the aggravating circumstance. *Reversed and remanded.*