### UNITED STATES v. WEISS et al.

(District Court, N. D. Illinois, E. D.   December 3, 1923.)

1. **Criminal law** &#8658;195(1)—**Single conspiracy cannot be split up, and separate indictments prosecuted therefor.**

   Prosecution for any part of a single crime bars any further prosecution for the whole or any part of the same crime, and the government cannot split up one conspiracy, and prosecute different indictments therefor.

2. **Conspiracy** &#8658;43(3)—**Means for accomplishing object of conspiracy need not be set out in indictment.**

   The essence of a conspiracy is the unlawful combination, and if the object of the conspiracy is some unlawful act, the means by which such act is to be accomplished need not be set forth in the indictment, and if set out the averment is surplusage and need not be proved.

3. **Criminal law** &#8658;196—**Prosecution for conspiracy held barred by prosecution on prior indictment for same conspiracy.**

   In an indictment for conspiracy unlawfully to purchase and transport intoxicating liquor "without obtaining a permit so to do, that is to say, upon a false, forged, and fictitious permit," the averment quoted was not required to be proved, and must be regarded as surplusage, and a prosecution on such indictment is a bar to a prosecution on a second indictment charging the same conspiracy unlawfully to purchase, transport, possess, and sell the liquor for beverage purposes.

&#8658;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Indictment and Information ⟺119—Averment which may be stricken out without vitiating the indictment is surplusage.**

It is the general rule that, whenever an averment in an indictment might be stricken out without vitiating the indictment, such averment may, at the trial, be treated as surplusage and ignored or rejected.

Criminal prosecution by the United States against Hugo Weiss and others. On special pleas in bar. Judgment for defendants on pleas.

Edwin A. Olson, U. S. Atty., and Edwin Weisl, both of Chicago, Ill., for the United States.

John B. Boddie, of Chicago, Ill., for Fabbini.

Charles Erbstein, of Chicago, Ill., for Van Natta.

Charles A. Williams and Marcia Eisner Lewis, both of Chicago, Ill., for Behrens.

LINDLEY, District Judge. Defendants Behrens, Groeninger, and Vannatta are indicted, with others, under section 37 of the Criminal Code (Comp. St. § 10201); the indictment being in six counts, the first charging the defendants and others with having conspired continuously from July 1, 1920, to September 1, 1920, to commit "the offense of unlawfully selling, * * * in violation of the National Prohibition Act, for beverage purposes, * * * intoxicating liquor." Various overt acts are alleged, including the purchase of liquor from John D. Park & Sons Company, at Cincinnati, Ohio, the contribution of funds for said purpose, the solicitation of purchasers, and the receipt by Vannatta from one Fox of the sum of $10,600 for part of said liquor. The counts, other than the first, differ from it only in that they charge conspiracy to "possess" (second count), to "deliver" (third count), to "furnish" (fourth count), to "purchase" (fifth count), and to "transport" (sixth count), in violation of the National Prohibition Act (41 Stat. 305), said liquor. The overt acts set out in the different counts are not materially variant.

Each of the three defendants named filed a plea of former jeopardy, alleging that they, with the other defendants in this indictment, except one Hoss, were defendants in a charge of conspiracy in cause No. 9397, in the same court; that in said cause the defendants were charged with conspiracy (with said Hoss, not then indicted) from July 15 to August 15, 1920, to commit the offense of purchasing in the name of one Kelly from John D. Park & Sons Company, of Cincinnati, Ohio, and transporting from Cincinnati to Chicago, intoxicating liquor, "without obtaining a permit so to do, that is to say, upon a false, forged, and fictitious permit," and that certain of the defendants committed various overt acts in pursuance of said conspiracy, including the procurement of said alleged forged permit, the purchase of said liquor from said John D. Park & Sons Company, and the act by certain of said defendants of contributing the purchase price therefor. Said pleas further aver that said cause was tried upon said indictment and pleas of not guilty, that evidence was presented, that the jury found the defendant Groeninger guilty as charged, that judgment was entered upon said verdict, that the jury found the defendants Behrens and Vannatta not guilty, and that the conspiracy charged in the former indictment is the same conspiracy now charged.

293 F.—63

To the said separate pleas of the three said defendants the government has demurred. This demurrer has been overruled, and the government has filed its replication or answer to said pleas, admitting substantially all the averments thereof, but denying that the prior indictment is the same offense as the offense charged in the present indictment, and averring that the present charge is a "distinct and separate offense, element for element, in necessary allegation and proof, from the offense charged in indictment 9307."

All parties have waived a jury upon the trial of the issue thus formed. The defendants, assuming the burden, have offered in evidence both indictments and a transcript of the evidence submitted by the government in the prior trial. The government has offered no evidence, but has rested upon the case made by the defendants. From the evidence it is apparent that the government in the present indictment is aiming at a conspiracy to buy, transport, furnish, and deliver the same liquor under consideration in the prior trial. The same purchase, the same transportation, the same defendants, and the same subject-matter then complained of in allegation and evidence are now complained of. But the government contends that the former charge was one of conspiracy to purchase and transport liquor without a permit so to do, "that is to say, upon a false, forged, and fictitious permit," and that the charge was thus so narrowed as not to be a bar to the prosecution of the present indictment of conspiracy unlawfully to sell, possess, deliver, purchase, and transport the same liquor for beverage purposes.

[1] At the threshold it must be noted that the government cannot split up one conspiracy into different indictments, and prosecute all of them, but that prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime. Murphy v. U. S. (C. C. A.) 285 Fed. 804, at page 816; In re Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658; 16 Corpus Juris, 270, and cases there cited. This proposition, followed to its logical conclusion, would seem well-nigh decisive upon the present issue.

However, the government insists that a conspiracy to purchase and transport liquor upon a false, forged, and fictitious permit is not the same conspiracy as one unlawfully to purchase, transport, possess, and sell liquor for beverage purposes. The inquiry, then, must be as to the effect of the words in the prior indictment, "without a permit so to do, that is to say, upon a false, forged, and fictitious permit." If those words may be rejected as surplusage, then the first indictment becomes simply a charge of conspiracy unlawfully to purchase and transport liquor, and is clearly a part of the same conspiracy as that now charged. If they are not to be disregarded as surplusage, then the prior indictment is a charge of conspiracy so narrowed in allegation and proof as to give much plausibility to the government's contention that such a charge is separate and distinct from, and not comprehended within, one of conspiracy to purchase and transport liquor for beverage purposes.

[2] The essence of conspiracy is the unlawful combination, and, if the object of the conspiracy is some unlawful act, the means by

which such act is to be accomplished need not be set forth in the indictment. This rule is discussed at considerable length in U. S. v. Dennee, 25 Fed. Cas. 819, No. 14,948, and stated with approval in Proffitt v. U. S. (C. C. A.) 264 Fed. 299, at page 302, and Davey v. U. S., 208 Fed. 237 at page 240, 125 C. C. A. 437 (C. C. A. 7). When conspiracy is charged, the act of conspiracy is the gist of the crime, and, in order to identify the offense, it is necessary to allege and prove only certainty to a common intent. Williamson v. U. S., 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278; Jelke v. U. S., 255 Fed. 264, 166 C. C. A. 434; Crawford v. U. S., 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Freeman v. U. S., 244 Fed. 1, 156 C. C. A. 429. It was therefore unnecessary for the government to set out in detail the means by which the conspiracy charged in the prior indictment was carried out; that is, "without a permit, that is to say, upon a false, forged, and fictitious permit."

[3] But the question remains, having set out the means by which the conspiracy was to be effected with unnecessary particularity, was it necessary for the government to prove the said allegation, or might the court have rightfully held the words quoted were merely surplusage, to be ignored in proof? Applying the test just mentioned, it will be seen that, if we strike out the words "without a permit, that is to say, upon a false, forged, and fictitious permit," we have left in the first indictment a charge of conspiracy unlawfully to purchase and transport intoxicating liquor, a charge manifestly the same as that included in the present indictment. True it is that no allegation, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage. See Justice Story's opinion in U. S. v. Howard, 26 Fed. Cas. 388, No. 15,403. But the learned justice, who so clearly states and demonstrates the reason for the truth of this rule, also clearly differentiates such examples from those of surplusage that may be rejected. He says:

"Mere surplusage will not vitiate an indictment, and need not be established in proof. The material parts which constitute the offense charged must be stated in the indictment, and they must be proved in evidence. But allegations not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence."

[4] It is generally stated by the courts and text-writers that, whenever an averment in an indictment can be stricken out without vitiating the indictment, such averment may at the trial be treated a surplusage and ignored or rejected. Grand Trunk Ry. Co. v. U. S., 229 Fed. 116, 143 C. C. A. 392 (C. C. A. 7); Friedman v. U. S. (C. C. A.) 276 Fed. 792 (C. C. A. 2); People v. Boer, 262 Ill. 152, 104 N. E. 162; Sutton v. People, 145 Ill. 279, 34 N. E. 420; Durham v. People, 4 Scam. (Ill.) 172, 39 Am. Dec. 407. The case of Durham v. People is a leading case.

The cases of modern application of this rule are numerous. In Maresca v. U. S. (C. C. A.) 277 Fed. 727, the court held that, where an indictment charged that the defendants conspired to sell and use

for beverage purposes a large quantity of spirits manufactured from foods, fruits, and grains, after September 9, 1917, contrary to the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r), and it appeared that the offense was committed after the War-Time Prohibition Act became effective, the words "manufactured from food," etc., intended to define a violation of the Lever Act, should be ignored and a conviction sustained under the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115¹¹/₁₂f–3115¹¹/₁₂h). Certiorari was denied. 257 U. S. 657, 42 Sup. Ct. 183, 66 L. Ed. 420. In U. S. v. Drawdy (D. C.) 288 Fed. 567, the indictment charged that defendants conspired to import and transport liquor without a permit so to do, Judge Clayton held that the words "without a permit so to do" should be rejected as surplusage, grounding his decision upon Adams Express Co. v. Commonwealth, 124 Ky. 160, 92 S. W. 932, 5 L. R. A. (N. S.) 630 (reversed in 206 U. S. 138, 27 Sup. Ct. 608, 51 L. Ed. 992, but not on this point). In Farley v. U. S. (C. C. A.) 269 Fed. 721, the court held that an indictment which charged that defendant carried on the business of a retail liquor dealer without paying the tax was sufficient to charge and support a conviction for a violation of the prohibition act, rejecting as surplusage all unnecessary averments of the indictment. Other illuminating instances of the application of the rule are found in State v. Bartow, 95 Wash. 480, 164 Pac. 227; Zweig v. State, 74 Tex. Cr. R. 306, 171 S. W. 747; Bowles v. State, 67 Tex. Cr. R. 578, 150 S. W. 626; Nichamin v. U. S. (C. C. A.) 263 Fed. 880; May v. Com.; 153 Ky. 141, 154 S. W. 1074; State v. Sovern, 225 Mo. 580, 125 S. W. 769; Com. v. Dyer, 128 Mass. 70; Friedman v. U. S. (C. C. A.) 276 Fed. 792; People v. Boer, 262 Ill. 152, 104 N. E. 162; People v. Paisley, 288 Ill. 310, 123 N. E. 573; People v. Osborne, 278 Ill. 104, 115 N. E. 890; Comw. v. Wellington, 89 Mass. (7 Allen) 299.

It follows, therefore, that the words now claimed to differentiate the first indictment from the second were surplusage, and might have been rejected in both allegation and proof. In this situation it is apparent that what is charged in the second indictment, if proved in the first, would have sustained a conviction, and that therefore a prosecution of the three defendants named under the second indictment cannot be maintained. Manning v. U. S. (C. C. A.) 275 Fed. 29; Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236; Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153. Judgment for defendants, therefore, will be entered upon the special pleas in bar.

The government has the right to a review of this judgment if it so desires. In case of such a review, the said three defendants will be admitted to bail upon their own recognizance.