[No. 9902. Department Two. November 11, 1911.]

THE STATE OF WASHINGTON, *Appellant*, v. CHARLES SEIFERT, *Respondent*.[1]

HOMICIDE — INDICTMENT AND INFORMATION — SUFFICIENCY — NEGA-TION OF DEFENSES—NECESSITY. Under Rem. & Bal. Code, § 2392, defining murder in the first degree as the killing of a human being, "unless it is excusable or justifiable," with a premeditated design, etc., it is not necessary that the indictment or information negative that the killing was without excuse or justification; at least, not further than to allege that the killing was "wilfully, unlawfully, feloniously and with a premeditated design;" in view of Id., §§ 2055, 2057, 2064-2066, defining the requisites of indictments and informations and declaring the effect of informal defects that do not affect the substantial rights of the defendant; since the exception is not incorporated as an inseparable part of the offense and the state is not required to anticipate defenses.

Appeal from an order of the superior court for King county, Gay, J., entered September 23, 1911, upon sustain-

¹Reported in 118 Pac. 746.

ing a demurrer to an information for murder in the first degree.   Reversed.

John F. Murphy, Hugh M. Caldwell, and H. B. Butler, for appellant.

Robert H. Lindsay and George Friend, for respondent.

MORRIS, J.—Appeal from an order sustaining a demurrer to an information charging murder in the first degree.   The charging part of the information reads:

"He, said Charles Seifert, in the county of King, state of Washington, on the 4th day of September, 1911, did wilfully, unlawfully, feloniously, and with a premeditated design to effect the death of one John Craig, shoot at, towards, and into the body of said John Craig, with a certain deadly weapon, to wit a revolver pistol then and there loaded with powder and bullet, and then and there held by him, the said Charles Seifert, thereby mortally wounding said John Craig, of which said mortal wound said John Craig then and there died."

Rem. & Bal. Code, § 2392, defining murder in the first degree, reads:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed either—(1)   With a premeditated design to effect the death of the person killed, or of another. . . ."

Other provisions of the section are not material and need not be quoted.

The ground of demurrer and of the ruling thereon was the failure to negative in the information that the killing was without excuse or justification.   We cannot agree with the court below that such a negative averment is necessary. If it was, then it was sufficiently charged that the act was without excuse or justification in charging that it was "wilfully, unlawfully, feloniously and with a premeditated design."

"A felonious homicide is . . . the killing of a human

creature, of any age or sex, without justification or excuse."
4 Blackstone's Commentaries, p. 188.

Otherwise it could be neither an unlawful nor a felonious
act. And when the act is so charged, it is a sufficient nega-
tion of circumstances under which it might be innocent and
lawful. Our statutes concerning the sufficiency of infor-
mations are, Rem. & Bal. Code, § 2055:

"The indictment or information must contain,— . . .
(2) A statement of the acts constituting the offense, in
ordinary and concise language, without repetition, and in
such manner as to enable a person of common understanding
to know what is intended."

Section 2057:

"The indictment or information must be direct and cer-
tain, as it regards: (1) The party charged; (2) The
crime charged; and (3) The particular circumstances of
the crime charged, when they are necessary to constitute a
complete crime."

Section 2064:

"Words used in a statute to define a crime need not be
strictly pursued in the indictment or information, but other
words, conveying the same meaning, may be used."

Section 2065:

"The indictment or information is sufficient if it can be
understood therefrom,— . . .

"(6) That the act or omission charged as the crime is
clearly and distinctly set forth in ordinary and concise lan-
guage, without repetition, and in such a manner as to en-
able a person of common understanding to know what is
intended;

"(7) That the act or omission charged as the crime is
stated with such a degree of certainty as to enable the court
to pronounce judgment upon a conviction, according to the
right of the case."

And section 2066:

"No indictment or information is insufficient, . . . (5)
For any other matter which was formerly deemed a defect

or imperfection, but which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Further comment upon the sufficiency of this information would hardly seem necessary.

The New York statute, Penal Code, § 183, is almost identical with ours. It has there been held, citing statutes as to the sufficiency of indictments similar to those of this state above quoted, that an indictment charging that the defendant committed the crime of murder in the first degree by feloniously, wilfully, and with malice aforethought shooting the deceased, and thereby inflicting a mortal wound whereof he died, is sufficient; the court saying:

"There would seem to be no reason why the form of an indictment, which was considered sufficient under the strict and technical system of pleading formerly prevailing, and which required the allegation of every essential fact constituting the crime, should be deemed insufficient under a system directed to the simplification of criminal proceedings, for the avowed purpose of obviating a failure of justice, which had sometimes occurred through the technicalities of an artificial and complex mode of procedure." *People v. Conroy*, 97 N. Y. 62.

The only difference between that indictment and the information in this case is the use there of the words "with malice aforethought," while this information uses instead the words "with a premeditated design." These are equivalent expressions, so that there is no practical difference between the two forms. *Williams v. State*, 45 Fla. 128, 34 South. 279; *State v. Holong*, 38 Minn. 368, 37 N. W. 587; *State v. Duvall*, 26 Wis. 415; *People v. Enoch*, 13 Wend. (N. Y.) 159. If the killing was excusable or justifiable, the fact would constitute a defense for the defendant to establish.

"The state is not bound to anticipate defenses and aver facts rendering them unavailing. Excuses and justifications must come in by way of defense; there is no such a presumption of their existence as requires the state to allege that they do not exist." *Payne v. State*, 74 Ind. 203.

The rules of criminal pleading do not require the indictment to negative every possible theory of defense. *Stokes v. United States*, 157 U. S. 187. Under the law of North Carolina, Rev. Stats. of 1905, § 336, it is made an offense for any person being married to marry another person during the life of the former husband or wife. It is further provided that the law shall not extend to any person whose husband or wife shall have been continually absent for seven years, nor to any person who shall have been divorced, or whose marriage shall have been declared void. Held, in *State v. Long*, 143 N. C. 670, 57 S. E. 349, an indictment for bigamy was not bad for failing to negative the divorce, or seven years' absence of the lawful wife, they being matters of defense which the defendant must prove to withdraw himself from the operation of the law.

In *Willey v. State*, 46 Ind. 363, it was held, in an indictment for manslaughter, that the words "unlawfully" and "feloniously" are not consistent with an innocent and lawful act. In *State v. Hodgdon*, 41 Vt. 139, it is said:

"Exceptions should be negatived only where they are descriptive of the offense or define it, but where the exceptions afford matter of excuse merely, and do not define nor qualify the offense created by the enacting clause, they are not required to be negatived; but when the respondent is within the exception, such fact may be relied upon in defense."

The same court, in *State v. Bevins*, 70 Vt. 574, 41 Atl. 655, in reviewing cases involving the above rule says:

"The term 'enacting clause' should be construed to mean all parts of the statute which create and define the offense, whether in one or more sections or acts."

The rule has sometimes been declared as:

"If the exception is in the enacting clause, the party pleading must show that the accused is not within the exception, but where the exception is in a subsequent section or statute, that the matter contained in the exception is matter of defense and must be shown by the accused."

In *United States v. Cook*, 17 Wall. 168, Clifford, J., in speaking of the last quoted rule, says:

"Undoubtedly that rule will frequently hold good, and in many cases prove to be a safe guide in pleading, but it is clear that it is not a universal criterion, as the words of the statute defining the offense may be so entirely separable from the exception that all the ingredients constituting the offense may be accurately and clearly alleged without any reference to the exception."

Again:

"The only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the other party, though it be in the same section."

Applying these rules to the statute before us, there is little difficulty in reaching a conclusion. In our statute the so-called exception is not incorporated with, but is entirely separable from, the words used to define the offense. Murder in the first degree is not defined as the killing of a human being "unless it is excusable or justifiable," but the real crime and the necessary ingredient in the act defined is found in the next clause, "with a premeditated design to effect the death of the person killed or of another." To kill a human being without justification or excuse would not be murder in the first degree, since it lacks the necessary ingredients of design, deliberation, premeditation, and malice, common in some form to all definitions of murder in the first degree; while, since the expressions "premeditated design" and "malice aforethought" are equivalent to each other, the

killing of a human being with a premeditated design to ef-
fect his death, containing, as it does, the necessary ingred-
ient of the crime, would be.   The exception, then, not being
incorporated with the clause defining the crime so as to be-
come a material part of it, and being so separable from such
clause that all the ingredients of the crime may be accurately
stated without it, becomes a matter of defense alone, and as
such need not be negatived.

We have gone into the submitted question more fully than
was first intended in this opinion; but the question being an
important one, we have thought it best to lay down a rule
that may be of some assistance to the courts below in de-
termining questions of a like character.

The judgment is therefore reversed.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.