[No. 13170.   Department One.   May 9, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. E. C. WILSON,
*Appellant*.[1]

CRIMINAL LAW—FORMER JEOPARDY—IDENTITY OF OFFENSES—PAR-
TICULAR DESCRIPTION.   The dismissal of an information for stealing
thirty sacks of "Hybrid" wheat, after jury sworn, does not bar the
filing of a new information for stealing thirty sacks of "Jones Fife"
wheat; since, while a particular description is unnecessary, if given,
a variance is fatal, and a conviction of the one does not amount to
conviction of the other.

Appeal from a judgment of the superior court for Grant
county, Steiner, J., entered July 9, 1915, upon a trial and
conviction of grand larceny.   Affirmed.

*W. E. Southard,* for appellant.

*C. G. Jeffers,* for respondent.

MOUNT, J.—The appellant was convicted upon a charge
of grand larceny.   This appeal is from a sentence pronounced
thereon.   The sole question in the case arises upon the plea
of former jeopardy.

The facts are not in dispute, and are as follows:  The pros-
ecuting attorney for Grant county filed an information charg-
ing the appellant with the crime of grand larceny by steal-
ing and carrying away thirty sacks of Hybrid wheat, of the
value of $55, the property of Redpath & Maynard.   The in-
formation alleged that the crime was committed on the 27th
day of September, 1914.   Thereafter, in January, 1915, a
jury was impaneled and sworn to try the case.   The prose-
cuting attorney made his opening statement to the jury, and
stated that he expected to prove the larceny by the appellant
of thirty sacks of Hybrid wheat.   The prosecuting attorney
was then informed that the wheat taken was not Hybrid
wheat, but was Jones Fife wheat.   Thereupon he dismissed the

[1]Reported in 157 Pac. 474.

information already filed, and filed a new information charging that the appellant stole and carried away thirty sacks of Jones Fife wheat, of the value of $55, and the property of the same owner, committed on the 27th day of September, 1914. In June, 1915, the case came on for trial upon the new information. In answer to this information, the appellant entered a plea of former jeopardy, and the case was tried upon that issue. So that the question in the case is whether or not, under these facts, there was former jeopardy.

The rule is that, when the accused is placed upon trial in a court of competent jurisdiction upon a sufficient indictment or information, before a jury legally impaneled and sworn, the discharge of the jury without the consent of the accused is equivalent to an acquittal of that charge. *State v. Kinghorn*, 56 Wash. 131, 105 Pac. 234, 27 L. R. A. (N. S.) 136; *State v. Dye*, 81 Wash. 388, 142 Pac. 873. So that the question in this case is narrowed to whether the charge of stealing "Hybrid" wheat is the same as the charge of stealing "Jones Fife" wheat. Is the particular description material?

We think there can be no doubt that an information charging the defendant with stealing and carrying away thirty sacks of wheat, without describing the character of the wheat, would be a sufficient allegation. But the rule is that, where an information gives a particular description of the article stolen, it is necessary to prove that description; otherwise, there is a fatal variance in the proof.

In the case of *Morgan v. State*, 61 Ind. 447, where an indictment for larceny described a pistol stolen as a "Smith & Wesson" revolver, the court held that proof of the larceny of a "Smith & Weston" revolver was a fatal variance. It was there said:

"It is a well established rule in criminal proceedings, that where, in an indictment, a particular description is given by way of identifying an article of property alleged to have been stolen, the state is bound by the description thus given, and that, to justify a conviction, the evidence must sustain the

description contained in the indictment. Starkie Ev., 8th Am. Ed., 628; 1 Bishop Crim. Proced., sec. 579; 1 Wharton Crim. Law, sections 592, 610. . . . Where an indictment for larceny contains particulars descriptive of the property stolen, though unnecessarily inserted, such particulars must be proved on the trial. *The State v. Jackson,* 30 Me. 29."

In *Hardy v. State,* 112 Ga. 18, 37 S. E. 95, it was said:

"Where the indictment charged the accused with the larceny of a 'fawn-colored Jersey heifer about eighteen months old', and the proof showed the larceny of a fawn-colored heifer, this was a fatal variance."

In *Hill v. State,* 41 Tex. 253, where certain hides were stolen which were described in the indictment as "red and white spotted," and the evidence showed that the hides were "white and spotted," and "white and black spotted," it was held that this was a material variance. The court there said:

"It was unnecessary to use such minuteness of description in the indictment; but it is said 'that no objection, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage.' (1 Wheat. Cr. Law, sec. 630; *United States v. Howard,* 3 Sumn., 12; *State v. Noble,* 15 Me., 476). In a charge of theft of a 'black horse,' the objection of color is unnecessary, yet as it is descriptive of the subject-matter of the charge, it cannot be rejected and the man convicted of stealing a brown horse or a white horse. (15 Me., 476; 3 Starkie, 151; 30 Me., 29; 1 Greenl. Ev., § 65). Greenleaf lays down the rule thus: 'Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved, for they are all made essential to the identity.' "

In *Priesmuth v. State,* 1 Tex. App. 480, where the information alleged that the brand was upon the hip of a cow, and the evidence showed that the brand was on the ribs, it was held that such a discrepancy was material, and that a conviction must be set aside.

In *Ranjel v. State,* 1 Tex. App. 461, where the indictment

charged theft of a bay gelding branded P. A. R., and the proof showed that the animal lost was branded P. R. A., this was held a fatal variance between the allegations and the proof.

In *McGee v. State*, 4 Tex. App. 625, an information charging the theft of a pair of "buckskin gloves," when the evidence showed that the gloves were "sheepskin gloves," was held to be a fatal variance.

In *Cameron v. State*, 9 Tex. App. 332, where the indictment charged the theft of a beef steer, and the proof showed that the animal was a steer, but not a beef steer, it was held that the indictment need not have described the steer as a beef steer, but having done so, the proof must correspond.

This rule is based upon the idea that the particular description is essential to the identity of the thing taken. Under this rule, evidence to the effect that the wheat taken was "Jones Fife" wheat would not have sustained a conviction for the stealing of "Hybrid" wheat. It seems plain that a charge of larceny of a Jersey cow would not support proof that the larceny was of a Holstein, or some other well known breed of cattle. We think the same must be true in this case, that a charge of stealing Hybrid wheat would not sustain a charge of stealing Jones Fife wheat. These two kinds of wheat are well known classifications, and when an information charges a theft of one, proof is not admissible of another. Conviction for the theft of one does not amount to a conviction for the theft of another. In short, we are convinced that the description of the wheat in these informations was a material part of the description in order to identify the wheat which was alleged to have been stolen. We are satisfied, therefore, that an acquittal upon a charge of stealing Hybrid wheat was not an acquittal for the stealing of Jones Fife wheat.

The appellant in his brief insists that the charge upon which the defendant was acquitted by the discharge of the jury upon the first information was the *"same offense"* upon

which he was convicted under the second information. But we have seen above that the particular description of the wheat was a material description. The offense, therefore, was not the same, even though the wheat in both cases may have belonged to the same man, and the same wheat which the prosecuting attorney intended to describe, but failed in the first information.

We find no error, and the judgment is therefore affirmed.

ELLIS and BAUSMAN, JJ., concur.

MORRIS, C. J., and CHADWICK, J., concur in the result.