[No. 13843. Department One. April 3, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. H. G. BARTOW, *Appellant*.[1]

INTOXICATING LIQUORS—PROHIBITION—OFFENSES—SALES—INFORMATION. An allegation in an information for the unlawful sale of liquor that the defendant was a druggist and pharmacist, is an immaterial description of the person and not an essential part of the main charge that need be proved, under Rem. Code, § 6262-4, of the prohibition act, making it unlawful for "any person" to sell intoxicating liquor except as provided in the act, and Id., § 6262-7, which merely creates an exception in favor of druggists and pharmacists selling alcohol for mechanical and chemical purposes, and is in no sense an enacting clause.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered July 8, 1916, upon a trial and conviction of violating the state-wide prohibition law. Affirmed.

*Norvell & Norvell*, for appellant.

*A. R. Hilen* and *R. V. Welts*, for respondent.

MORRIS, J.—Appellant was convicted under an information charging:

"That at Anacortes, in said Skagit county, Washington, on or about the 18th day of April, 1916, said defendant then and there being a registered druggist and pharmacist, did then and there wilfully and unlawfully sell unto another, to wit: One —— Miller and one —— Ellis, intoxicating liquor, to wit: Two one-quart bottles of grain alcohol, and at said time said grain alcohol was not sold for mechanical or chemical purposes and that defendant well knew that said grain alcohol was not to be used for chemical or mechanical purposes, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

Appellant now complains that the state failed to prove that he was "a registered druggist and pharmacist" at the

[1] Reported in 164 Pac. 227.

time of the alleged sale, as charged in the information.   Under such a contention, the decisive question is whether or not the words "then and there being a registered druggist and pharmacist" are an essential element of the crime charged. Clearly they ·are not.   Section 4 of initiative measure No. 3 (Laws 1915, p. 2, ch. 2; Rem. Code, § 6262-1 *et seq.*) makes it unlawful for any person to sell intoxicating liquor "except as in this act provided."   Section 7 provides, "nothing in this act shall be construed to prohibit a registered druggist or pharmacist from selling . . . alcohol for mechanical or chemical purposes only."   The basis of appellant's claim of error is that the information is drawn under § 7.   This contention cannot be sustained, as § 7 defines no crime nor contains any provision making any sale of liquor unlawful.   It simply enumerates certain sales of liquor that may be lawfully made by a registered druggist or pharmacist, as for medicinal purposes upon the prescription of a licensed physician, for sacramental purposes, and alcohol for mechanical or chemical purposes.   These enumerated sales are among those excepted from the provisions of § 4 by the clause "except as in this act provided," and fall within the well recognized general rule of criminal pleading that exceptions and provisos found, not in the enacting clause of a criminal statute, but only in subsequent clauses or provisions, need neither be negatived in the information nor proven by the state, but are regarded as matters of defense. *State v. Davis*, 43 Wash. 116, 86 Pac. 201.

Since that part of § 7 under consideration neither creates nor defines a defense, but simply contains exceptions to the crime created and defined in § 4, it can in no sense be construed as an enacting clause.   *State v. Seifert*, 65 Wash. 596, 118 Pac. 746.   This rule has found special application in prohibitory liquor statutes containing exceptions in favor of druggists.   *McAdams v. State*, 9 Ga. App. 166, 70 S. E.

16—95 WASH.

893; *State v. Moore*, 166 N. C. 284, 81 S. E. 294; *Walker v. State*, 68 Tex. Cr. 315, 151 S. W. 318; *People v. Shuler*, 136 Mich. 161, 98 N. W. 986; *State v. Beneke*, 9 Iowa 203; *Baeumel v. State*, 26 Fla. 71, 7 South. 371; *State v. Duggan*, 15 R. I. 403, 6 Atl. 787; 23 Cyc. 239.

It being unnecessary for the state to charge that the alleged sale did not fall within any excepted class, it was unnecessary to prove it. Appellant relies upon certain Missouri cases, of which *State v. Marchand*, 25 Mo. App. 657, is a type. In these cases defendants were indicted for violations of a statute relating to druggists, and not for unlawful sales of liquor. The court reasons that, inasmuch as the statute under which the indictments were drawn had reference only to druggists as that term is defined in other state statutes, the defendants could only be indicted and convicted as druggists, the statute covering no other class of persons. No such limitation is found in our law. It is not a law applying to druggists only, and hence one which druggists alone can violate. It is an offense for any person to sell, except as in the act provided. It was, therefore, unnecessary to either allege or prove that appellant was a druggist, and no error can be predicated upon the state's failure to so prove.

Neither does the insertion of this immaterial matter, as appellant further contends, fall within the rule as stated in Joyce on Indictments, § 267, that, while immaterial averments may be rejected, there cannot be a rejection as surplusage of an averment which is descriptive of the identity of that which is legally essential to the claim or charge, including those allegations which operate by way of description of that which is material. The thing legally essential in this information was the unlawful sale by appellant of intoxicating liquor to the persons named and in the manner and form charged. The character or description of the person making such sale was immaterial, since "any person"

selling intoxicating liquor contrary to the provisions of the initiative act, whatever his trade, calling or profession, would be guilty of an offense. That appellant is a druggist was in no sense descriptive of or a part of the act charged. It added neither to its certainty nor uncertainty. The rule contended for by appellant has been recognized by this court and given its due weight in *State v. Wilson,* 91 Wash. 136, 157 Pac. 474, where it was said: "This rule is based upon the idea that the particular description is essential to the identity of the thing taken." In other words, to be material the descriptive words in the information must be an essential part of the thing charged as the criminal act. The description here complained of cannot be so regarded, or in any other light than as mere surplusage.

Other exceptions are presented in the record. They have, however, not been urged upon us, and upon examination, we find them without merit. The judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and WEBSTER, JJ., concur.