[No. 16950.    Department One.    March 23, 1922.]

THE STATE OF WASHINGTON, *Appellant*, v. ALFRED ANDERSON, *Respondent*.[1]

CRIMINAL LAW (382)—APPEAL—RIGHT OF STATE TO APPEAL. Under Rem. Code, § 1716, authorizing appeals from a final judgment and providing that no appeal shall be allowed the state in any criminal action except for error in setting aside the indictment or information, or in arresting judgment on the ground that the facts do not state a crime, no appeal lies from an order sustaining a demurrer to the information, where no judgment of dismissal was entered; and the fact that the state refused to amend or further plead does not convert the order into a final judgment of dismissal.

Appeal from an order of the superior court for Whatcom county, Hardin, J., entered August 26, 1921, sustaining a demurrer to an information. Appeal dismissed.

[1]Reported in 205 Pac. 378.

*Loomis Baldrey, Frank W. Radley,* and *E. D. Kenyon,* for appellant.

*H. C. Barney* and *Sather & Livesey,* for respondent.

PER CURIAM.—The trial court sustained defendant's demurrer to an information charging him with murder. The order, in addition to sustaining the demurrer, provided that "the prosecuting attorney is hereby permitted to file a new information, to which the state excepts and its exception is allowed." The plaintiff elected to stand on its information and refuses to file another, and has appealed to this court. The respondent now moves to dismiss the appeal because it is premature, and on the particular ground that it is from an order sustaining a demurrer to the information, no judgment of dismissal ever having been made or entered.

The appellant contends that the motion should be denied for two reasons; first, because the statute with reference to appeals expressly authorizes the state to appeal from an order sustaining a demurrer, and that it is not necessary that a judgment of dismissal be made in order to have the right of appeal; and second, if a judgment of dismissal is necessary upon which to base the appeal, then the fact that the state has refused to further plead and has elected to stand upon its information converts the order sustaining the demurrer into a judgment of dismissal.

Section 1716, Rem. Code (P. C. § 7290), is divided into seven subdivisions. The first subdivision provides for an appeal "From the final judgment entered in any action or proceeding, . . ." Subdivision 7 provides that ". . . an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the

ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits''.

The part of subd. 1 which provides that appeals may be taken only from judgments which are final must be read in connection with that part of subd. 7 giving right of appeal to the state under certain circumstances. It can appeal only when the three matters set out in subd. 7 are involved, and then only when a final judgment has been entered. The statute does not authorize an appeal by the state from an order sustaining a demurrer to the information.

Appellant cites the case of *State v. Seifert*, 65 Wash. 596, 118 Pac. 746, as holding to the contrary. In that case we said that it involved an appeal ''from an order . . . sustaining a demurrer to an information for murder in the first degree . . .'' The court then proceeds to determine whether the demurrer was properly sustained. There is nothing in the opinion to show that there was no judgment dismissing the action, nor did the court in any respect discuss the question we are now considering. For these reasons, that case is in no regard controlling.

Nor can we hold that the fact that the state stood on its information and refused to file another is tantamount to a judgment of dismissal. It is perfectly manifest that the trial court did not intend its order to be a final judgment, and the parties to the action cannot make the judgment for the court.

For the reasons given, we are compelled to hold that the motion to dismiss the appeal must be sustained. It is so ordered.