## Commonwealth v. Conlin

242

*Guy G. De Furia*, assistant district attorney, for Commonwealth.

*John E. McDonougle*, for defendant.

CRICHTON, P. J., fourth judicial district, specially presiding, May 24, 1935. — The above-named defendant, Joseph R. Conlin, was tried along with five other defendants on two indictments, each of which in a number of different counts charged violations of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15.

For reasons that need not here be reviewed, a verdict of acquittal as to all of the defendants was directed on the indictment at no. 310, March sessions, 1935, and a verdict as to all of the defendants except the above-named Joseph R. Conlin and Harry Neiman was directed on the indictment at no. 309, March sessions, 1935, and a verdict on all the counts in the last mentioned indictment was directed for these two defendants also, except as to count number 4 therein, which charged the sale of liquor on Sunday. On this count the defendant Joseph R. Conlin was found guilty and the defendant Harry Neiman was found not guilty and the costs placed upon him.

The defendant Joseph R. Conlin by his counsel has moved for a new trial on the ground that the court erred in charging the jury that whether the defendant was a licensee under the Liquor Control Act or not, if the jury believed beyond a reasonable doubt that he had sold liquor on Sunday, they might convict him.

The count upon which the defendant was convicted charges that he with others "being then and there a licensee under the Pennsylvania Liquor Control Act, did

unlawfully, wilfully and maliciously sell liquor on Sunday, contrary to the act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania". At the trial, while no record evidence as to a license having been granted was presented, it nevertheless appeared that this defendant was an employe of the Democratic Club of Upper Darby, which club was a licensee. The Commonwealth took the position that the averment "being then and there a licensee under the Pennsylvania Liquor Control Act" was surplusage, and in this the court sustained the Commonwealth.

Section 411 of the Liquor Control Act provides, inter alia, as follows: "Liquor may be sold by licensees, other than clubs, only after seven o'clock antemeridian of any weekday and until two antemeridian of the following week day, and shall not be sold on Sunday". This is the only provision of the statute relating to sales on Sunday, and it appears to be an effective prohibition of such sales, whether by licensees or by unlicensed persons.

Section 610(a) of the Liquor Control Act provides, inter alia, as follows: "Any person who shall sell, attempt to sell in, or who shall bring or import, or attempt to bring or import, any liquor into this Commonwealth, except as provided in this act, shall be guilty of a misdemeanor". The crime, therefore, of a sale on Sunday by a person not licensed is exactly the same as a sale on Sunday by a person licensed and is punishable in exactly the same manner.

The tendency in modern criminal pleading is to accomplish substantial justice by ascertaining whether the defendant is guilty or innocent, rather than to recognize the force of legal niceties and technicalities. The indictment must be drawn with reasonable clearness and certainty to show the substance, time and place of the alleged offense. If it does so show, it is sufficient: Commonwealth v. Campbell, 116 Pa. Superior Ct. 180.

In Commonwealth v. Benedict et al., 114 Pa. Superior

Ct. 183, the defendant was charged with bribery, the indictment averring that the person bribed was an inspector for the Pennsylvania Alcohol Permit Board, a State public officer of the Commonwealth, and the Superior Court appears to have treated the averment that he was such State public officer as surplusage.

Commonwealth v. Smith (No. 2), 116 Pa. Superior Ct. 146, is cited as authority for the position of the defendant in this case. We do not think that it is such authority. In that case the Superior Court merely held that a school district is not a corporation within the meaning of the Act of May 18, 1917, P. L. 241, making it a misdemeanor for any person having possession in any capacity of any money or property belonging to any other person, firm or corporation to fraudulently convert the same; and that, therefore, an indictment charging under said act a person with fraudulently converting money belonging to a school district did not charge a crime.

In Hutchison et al. v. Commonwealth, 82 Pa. 472, a count of the indictment charged defendants with larceny as bailees and agents, and it was held that there was no such offense as larceny as agents, and as the word agents did not introduce another offense into the count it should be rejected as surplusage.

The reasoning of the foregoing, we believe, may well be applied to that of the instant case. The offense of selling liquor on Sunday, as we have shown, is the same whether committed by a licensee or by one who is not licensed. The indictment gave the defendant ample notice of the nature of the charge against him, the time, and the circumstances, and we believe that the averment that he was a licensee was properly treated as surplusage. While there seems to be no case directly in point in Pennsylvania, decisions in other States sustain the position here taken: State v. Bartow, 95 Wash. 480, 164 Pac. 227; Crane v. State, 76 Fla. 236, 79 So. 806; Byrd v. The State, 72 Texas Crim. 242, 162 S. W. 360.