The issue being the same, the decision must be the same as in the McGrady case and we see no reason to discuss the issue again. The action of the District Court must be affirmed.

Affirmed.

**Oakie BLANKENSHIP, Appellant,**

v.

**W. K. CUNNINGHAM, Jr., Superintendent of the Virginia State Penitentiary,**
**Appellee.**

**No. 8370.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1961.

Decided Nov. 10, 1961.

Perkins Wilson, Richmond, Va. (Court-assigned Counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Frederick T. Gray, Atty. Gen., of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and MICHIE, District Judge.

PER CURIAM.

This appeal from the refusal of the United States District Court for the Eastern District of Virginia to grant a plenary hearing to the appellant on his petition for a writ of habeas corpus raises substantially the same issue as the first issue discussed in the case of Mc-

**Carl Walter AIKEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8359.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1961.

Decided Nov. 15, 1961.

Frank W. Hardy, Richmond, Va., Court-assigned counsel (Williams, Mul-len, Pollard & Rogers, Richmond, Va., on brief), for appellant.

Lafayette Williams, U. S. Atty., Greensboro, N. C. (James E. Holshouser, former U. S. Atty., and Lafayette Williams, former Asst. U. S. Atty., Greensboro, N.C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BELL, Circuit Judges.

SOBELOFF, Chief Judge.

On April 15, 1958, Carl Aiken was brought to trial in the United States District Court for the Middle District of North Carolina on four separate indictments. These had been returned in different judicial districts [1] but were consolidated for plea and sentence in the Middle District of North Carolina under the provisions of Rule 20, F.R.Crim.P., 18 U.S.C.A. [2] The right to counsel was waived and pleas of guilty were entered to all charges by the defendant and prison terms totalling twelve years were imposed by the court. No appeal was taken.

Almost two years later the present proceedings were begun by the filing of a *pro se* petition for post-conviction relief under 28 U.S.C.A. § 2255. This made only bald allegations of violations of constitutional rights without specification of

---

1. One indictment, in the Southern District of Florida, charged three counts of passing forged postal money orders; a second, in the District of Columbia, charged ten counts of passing forged postal money orders; a third, in the Western District of Virginia, charged the breaking and entering of a United States Post Office with intent to commit larceny, the larceny, and the interstate transportation of the proceeds of the larceny; a fourth, in the Middle District of North Carolina, the district of trial, charged the interstate transportation of a stolen motor vehicle.

2. "Rule 20. Transfer from the District for Plea and Sentence.

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

details, and it was summarily denied by the court. On appeal, when the prisoner tendered an affidavit setting forth factual matter to substantiate the broad allegations of his petition, the United States Attorney took the initiative in suggesting that in the interest of justice the prisoner should have an opportunity to place before the court in proper form any facts supporting his contentions. This commendable proposal was accepted and the case remanded to the District Court for a hearing on the facts, so that substantial rights would not be made to depend upon the pleading skill of a layman uneducated in the law. Aiken v. United States, 282 F.2d 215 (4th Cir., 1960).

The present appeal is from the denial of relief after a plenary hearing at which the prisoner was afforded every opportunity to prove his allegations. The District Court filed extensive findings of fact and conclusions of law. Aiken v. United States, 191 F.Supp. 43 (M.D.N.C. 1961).

In his affidavit Aiken alleged that the postal inspectors who questioned him told him that five years would be his maximum sentence if he would agree to a consolidation under Rule 20 and plead guilty to all charges against him; also, that the inspectors advised him not to accept the appointment of counsel because that "might queer the deal." None of these alleged facts came to light at the criminal trial. It is conceded, however, by the Government that before permitting the defendant to waive his right to counsel the District Judge failed to inform him

of the possible sentence to which he was exposed on a plea of guilty to the charges.[3] Aiken's present contention is that he would not have waived counsel if he had not been assured by the inspectors that he would receive a sentence of not more than five years. He maintains that in these circumstances he was denied his constitutional right to counsel under the Sixth Amendment, in that the right was not understandingly waived.

Under Supreme Court cases and the Rules of Criminal Procedure,[4] district courts are charged with the weighty responsibility of determining whether an accused who seeks to waive his right to counsel does so intelligently and knowingly. The Court has said, "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. * * * While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, * * *." Johnson v. Zerbst, 304 U.S. 458, 464, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). "[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. * * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, *the range of allowable punishments* thereunder, possible defenses to the charges

---

3. What follows is the record in full of the exchange between the Judge and Aiken concerning his understanding of the charges:

"The Court: Mr. Aiken, have you been furnished with a copy of the indictments in all four of these cases?

"Aiken: Yes, sir.

"The Court: And you are familiar with the charges contained in those indictments?

"Aiken: Yes, sir.

"The Court: All right."

4. Rule 44 provides:

"If the defendant appears in court

without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

Even more to the point, Rule 11 provides:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge * * *."

and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948). (Italics added.)

■ At a minimum the district court should, before permitting an accused to waive his right to counsel, (1) explain the charges and the possible punishment, (2) inquire whether any threats or pressures have been brought to bear on him, and (3) determine whether any promises have been made to him by the investigating or prosecuting officials. When district courts do not sufficiently respond to this responsibility, such contentions as made in the present case, however unfounded, will continue to flood the already overcrowded dockets of the federal courts. Little time is required to make the needed inquiry to determine whether the action of the accused is taken voluntarily and with proper understanding. Obviously the best time to conduct the inquiry is, as the rule contemplates, at the time when the right to counsel is being waived or the guilty plea is offered.

■ A failure to fully perform this duty does not, however, automatically render the proceedings unconstitutional. As was said in a case of this nature, "The defendant who seeks relief under § 2255 must still bear the burden of showing that he did not understand his constitutional rights." Starks v. United States, 264 F.2d 797, 799 (4th Cir. 1959).

■ At the hearing by the District Court after remand the allegations of the prisoner were completely refuted by the inspectors who had interrogated him. They testified that Aiken had been thoroughly informed of his constitutional rights, and that it was the prisoner who made the first inquiry as to the possibility of having all the charges disposed of at one time; also, that the only time a five year sentence was mentioned was when Aiken inquired as to the maximum sentence for the crime of post office burglary. The District Court concluded,

"This court cannot accept as credible the assertions of the defendant that he had been *promised,* as an inducement to transfer * * * under Rule 20, enter pleas of guilty, and waive his right to assistance of counsel, that he would receive a maximum sentence of not more than five years * * *." 191 F.Supp. at 50. (Emphasis supplied.) This finding, amply supported by the evidence, is not attacked on this appeal. The only point made here is that the evidence shows Aiken *misunderstood* that the five year maximum applied only to the burglary charge. It is maintained that the prisoner thought that, because of the consolidation, only one sentence would be imposed and that it would not exceed five years. The District Court found this assertion not supported by the facts. We agree.

After imposition of the twelve year sentence, Aiken made the following statement, "Your Honor, due to the fact that I have three and a half years in addition to this [to serve], I don't want you to think I am imposing on the Court, but would you consider cutting that two years and making mine ten and that will give me almost fourteen years?" Patently, this is not the declaration of a man who had been misled into a plea on assurances that he would receive only a five year sentence.

At the time of trial Aiken was 43 years old, possessed superior intelligence and extensive prior criminal experience. He had been furnished with a copy of the charges against him at least two weeks before the trial, and he readily admitted at the hearing now under review that he fully understood the nature of the charges. We think the District Court correctly determined that Aiken intelligently and competently waived his right to counsel. We have on several occasions admonished district courts in this circuit to observe Rule 11 which commands that they "shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." We strongly counsel strict adherence to the rule. Thereby

the necessity for subsequent hearings under section 2255 may often be obviated. But where such a hearing establishes beyond doubt the understanding and the voluntariness of the plea and waiver of counsel, the judgment of the court will not be set aside.

Affirmed.