Frank G. BAGLEY, Appellant,

v.

**WASHINGTON STATE BOARD OF PRISON TERMS AND PAROLES, Appellee.**

No. 18823.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1963.

Walters, Whitaker & Brazier, and Donald H. Brazier, Jr., Yakima, Wash., for appellant.

John J. O'Connell, Atty. Gen. of Washington, and Stephen C. Way, Asst. Atty. Gen. of Washington, for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

The appellant, 20 years of age with an eighth grade education, on February 18, 1949, entered a plea of guilty in the Superior Court of Spokane County, State of Washington, to an information charging him with grand larceny. On August 8, 1949, he was sentenced to serve fifteen years in the Washington State Reformatory. He is now on parole. In June, 1962, he filed a petition in the Supreme Court of Washington for a Writ of Habeas Corpus, which petition was denied. Subsequently, he applied to the United States District Court for the Eastern District of Washington for a Writ of Habeas Corpus, which application was denied. He was no more successful in his application for a rehearing in said Court.

This appeal presents two principal issues:

(1) The sufficiency of the original information on which Bagley was convicted.

(2) The sufficiency of the waiver of his right to counsel.

**I**

The Washington statute [1] under which the appellant was convicted provided, among other things:

"Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; Steals such property and shall be guilty of larceny."

The information charging the defendant with a violation of the statute read, in pertinent part, as follows:

"Defendant * * * did * * * willfully, unlawfully and feloniously take personal property * * * from the person of Blanche Cozzetti * * * with intent to deprive and defraud the said Blanche Cozzetti of said property."

Appellant urges that the failure to insert in the information the word "away" following the word "take" is fatal and consequently the information does not charge a crime. He argues that a felonious taking is not alone sufficient to constitute the crime of larceny, and that such taking must be followed by an asportation or carrying away of the property, so as to supersede the possession of the owner for an appreciable period of time. With that general statement, we have no quarrel nor is there any doubt that under Washington Law an indictment or information must charge all of the essential elements of the crime as defined by statute. In re Van Wagner, 24 Wash.2d 99, 163 P.2d 574; State v. Scott, 86 Wash. 296, 150 P. 423, L.R.A. 1916B, 844; State v. Unosawa, 29 Wash. 2d 578, 188 P.2d 104. This statement of

---

1. RCW 9.54.010.

law, however, does not mean that a crime may not be charged in an information by words other than those used in the statute. For that matter, the Washington Law [2] is directly contrary to such a contention.

■■ In construing this statute, the Washington Supreme Court has held that the exact words of the statute which created the offense need not be used in the indictment or information, if other words are used which are the equivalent of the words used in the statute. State v. Knowlton, 11 Wash. 512, 39 P. 966. The charge that the defendant did *willfully, unlawfully* and *feloniously take* the property was sufficient, in itself, to charge asportation. State v. Seifert, 65 Wash. 596, 118 P. 746.

We are in complete agreement with the views of the trial judge on this subject in saying:

> " * * * The information here advised petitioner that he was charged with the crime of Grand Larceny and that he is charged with having taken property from the person of Blanche Cozzetti, the owner, with intent to deprive and defraud her of the property. Good practice and good pleading might require that the words 'carry away' should have been in the information but I consider that the information does state facts to constitute the charge of Grand Larceny. The petitioner has not been deprived of due process of law."

2. RCW 10.37.160.
   Words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used.

3. "THE COURT: You were advised, Frank, that inasmuch as this is a felony charge, namely, one on which you could be sent to the penitentiary, that you have a right to a trial by jury, also a right to retain counsel. If you do not have the money with which to hire a lawyer that the Court would appoint one for you if you desire counsel. In view of that explanation do you want to be tried on this charge before a jury?

The information, on its face, charges the defendant with the crime of Grand Larceny. This conclusion disposes of fringe issues on the same question.

## II

■ Appellant's second contention is stated in the Pre-Trial Order as follows:

> (1) Did petitioner on his original arraignment intelligently waive the right to counsel after being duly advised?

This contention demonstrates the absolute necessity of transcribing and then preserving, as part of the Court records, the proceedings on arraignment. Here, we do not have to depend on the recollections of witnesses, dimmed by the passage of time and probably biased either in favor of, or against, the prisoner. The transcript [3] makes it abundantly clear that the trial judge in the state Court fully advised the appellant of his right to counsel and that any person of ordinary intelligence could not misunderstand his rights as thus explained. The appellant appeared as a witness before the trial judge in this cause and testified that he was 20 years of age at the time of the arraignment, that he had an eighth grade education. He claimed he did not know what was expected of him at the time the questions were propounded. There is nothing in the record to indicate that appellant was not of normal intelligence at the time of the arraignment. He had the burden of proof on this issue. The trial judge had the op-

"MR. BAGLEY: No.
"THE COURT: Do you desire to retain counsel?
"MR. BAGLEY: No.
"THE COURT: Or to have the Court appoint somebody to represent you?
"MR. BAGLEY: No.
"THE COURT: You are ready to enter your plea at this time of guilty or not guilty?
"MR. BAGLEY: Yes, sir.
"THE COURT: What is your plea to the charge as read to you by the Prosecuting Attorney?
"MR. BAGLEY: Guilty.
"THE COURT: All right, sit down."

portunity to see and observe the appellant at the time of the hearing and there give his testimony such weight as it might deserve. He made a specific finding against the appellant on this issue and, on the record before us, that finding is not clearly erroneous. We hold that there was substantial evidence to support the finding. Cases such as Wilken v. Squier, 50 Wash.2d 58, 309 P.2d 746; Wakefield v. Rhay, 57 Wash.2d 168, 356 P.2d 596; Aichele v. Rhay, 57 Wash. 2d 178, 356 P.2d 326; and Thorne v. Callahan, 39 Wash.2d 43, 234 P.2d 517, cited by appellant, do not oppose this conclusion.

We find no room on the facts in this case for the application of the due process doctrine as utilized in Fay v. Noia, 372 U.S. 391, 432–433–437, 83 S.Ct. 822, 9 L.Ed.2d 837.

The Judgment of the District Court is affirmed.