Joseph Carl HORWATH, Petitioner,

v.

John C. BURKE, Warden, Wisconsin State Prison, Respondent.

No. 64-C-337.

United States District Court
E. D. Wisconsin.

Jan. 7, 1965.

William A. Platz, Asst. Atty. Gen. of Wisconsin, Madison, Wis., for respondent.

GRUBB, District Judge.

Joseph Carl Horwath, an inmate of the Wisconsin State Prison, Waupun, Wisconsin, was granted leave to file this petition for writ of habeas corpus in forma pauperis. Response thereto has been submitted, and petitioner has filed a reply brief.

Petitioner is in state custody pursuant to consecutive sentences of maximum terms of five and eight years, imposed on him on conviction on his pleas of guilty to the crimes of theft of an automobile of the value of $200, in violation of Section 343.17, Wisconsin Statutes of 1953, and of breaking and entering in the nighttime, in violation of Section 343.11, Wisconsin Statutes of 1953, respectively. A further consecutive sentence of not more than three years was imposed on him on August 22, 1962, on conviction on his plea of guilty to a charge of prison escape in violation of Section 946.42(3) (a), Wisconsin Statutes of 1959.

The gist of petitioner's claim for relief is that he waived counsel and entered his pleas of guilty without an understanding of his rights and of the charges against him and on the advice, threats, and inducing promises of the prosecuting attorney.

Petitioner submitted these contentions to the Supreme Court of Wisconsin on petition for writ of habeas corpus. That court appointed counsel to represent him in the proceedings and sent the issues of fact to the circuit court for Chippewa County for determination. On return thereto, the Supreme Court, after review of the record, confirmed the findings of the circuit court and denied the petition.

At the close of the evidentiary hearing in the circuit court, petitioner stated that he felt there had been a complete hearing in the matter. This obviates the need for an evidentiary hearing on the instant petition since no additional issues of fact are presented.

Review of the record of the evidentiary hearing in the circuit court of Chippewa County reveals these undisputed facts. Petitioner was taken into custody in October 1955. Within a day or two he appeared without counsel before County Judge Orrin H. Larrabee, sitting as a magistrate, and pleaded not guilty to the charges of breaking and entering in the nighttime and of theft which were pending against him.

Petitioner spent the following two months in jail. During this time he was visited twice by his mother who had no funds but told him that she would ask her husband to help obtain money to retain counsel for him. This was not done. Petitioner talked repeatedly with District Attorney Eugene R. Jackson, the prosecuting attorney in the case. He indicated to Jackson that he would plead guilty to one charge but not to the other. Jackson told petitioner that he would recommend a sentence of five years. On December 11, 1955, petitioner signed a confession which contains a statement that he was fully advised of his constitutional rights by the district attorney of Chippewa County and that he understood that he had a right to counsel and was

not compelled to make any statement that might incriminate him.

On December 14, 1955, petitioner pleaded guilty to both charges before Judge Larrabee and was bound over to the circuit court branch of county court for arraignment. It was the invariable practice of Judge Larrabee to inform criminal defendants that they were entitled to counsel and that the county would pay for counsel if the defendants were indigent. The docket of the circuit court branch of the county court shows that petitioner was arraigned on two charges; that he was advised of his constitutional rights as to representation by counsel; that he waived counsel; and that he entered pleas of guilty to both charges, which pleas were accepted by Judge Larrabee.

On February 17, 1956, petitioner appeared for sentencing without counsel. Without requesting a recommendation from the district attorney, Judge Larrabee imposed the consecutive sentences challenged here.

At the time of the criminal proceedings in issue, petitioner was twenty-two years old. He had an eighth grade education. He had two previous felony convictions, one at the age of sixteen in the State of Pennsylvania; another at the age of twenty for the crime of burglary in the State of Wisconsin. He was not represented by counsel in these matters.

Petitioner's age and state of education at the time of his conviction do not in and of themselves indicate a lack of general intelligence sufficient to warrant an inference of lack of understanding of his rights or of the nature of the charges pending against him. His previous exposure to criminal proceedings, particularly the more recent ones in the State of Wisconsin just two years before the matters in issue arose, was likely to afford him at least some acquaintance with legal affairs.

Petitioner knew what the charges against him were; he had pleaded not guilty thereto initially. He was informed of the possible penalties to which he was liable. He was advised of his rights concerning counsel and self-incrimination by the district attorney. He made a statement disclosing the commission of the offenses with which he was charged. He was again informed of his right to counsel by Judge Larrabee and then pleaded guilty to the two charges pending against him. Petitioner's dealings with the district attorney and the occurrences on his appearances before the court, as shown by the record made on the evidentiary hearing, were of such a nature that a person of general intelligence would have been able to understand his right to counsel as well as the nature of the criminal charges to which he was pleading. See Bagley v. Washington State Board of Prison Terms and Paroles, 323 F.2d 510, 512 (9th Cir. 1963). Petitioner's attempt to utilize clerical errors and the unavailability of complete records in support of his claim that he was confused as to the charges against him and to which he pleaded is not convincing.

Petitioner's testimony of advice, threats, and inducements by the district attorney that purportedly led him to make a statement of his offenses and to enter pleas of guilty is uncorroborated and directly contradicted by credible testimony. The finding of the circuit court of Chippewa County, which had opportunity to observe the demeanor of the witnesses, that the statement and pleas were made voluntarily has substantial support in the record.

■ The trial court, on arraignment and plea, did not take all the steps proposed by the Supreme Court of Wisconsin as means of ascertaining the voluntariness and understanding with which the waiver of counsel and plea of guilty were made. See State ex rel. Burnett v. Burke, 22 Wis.2d 486, 126 N.W.2d 91 (1964), and State ex rel. Drankovich v. Murphy, 248 Wis. 433, 22 N.W.2d 540 (1946). Failure to take the additional precautionary safeguards does not establish that petitioner's constitutional rights were violated. See Aiken v. United States, 296 F.2d 604, 607 (4th Cir. 1961);

Bagley v. Washington State Board of Prison Terms and Paroles, supra.

Considering all the circumstances as disclosed by the record of the evidentiary hearing, in light of the constitutional requirements of the Fifth and Sixth Amendments as incorporated in the Fourteenth Amendment of the Constitution of the United States, petitioner has failed to carry his burden of showing violation of his rights.

The petition for writ of habeas corpus must be and it is hereby denied.