**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4319

NORMAN HAYES, a/k/a Norman
James Hayes, a/k/a Shadreck
Travond Khayatuthelezi,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-376)

Submitted: December 10, 1996

Decided: December 30, 1996

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Dean A. Eichel-
berger, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Norman Hayes was convicted of four counts of knowingly causing the United States Postal Service to deliver threatening letters in violation of 18 U.S.C. § 876 (1994). In 1988, Hayes was convicted in a South Carolina state court for burglary and sentenced to fifteen years, to run consecutively to some other state convictions. Mary Gordon Baker represented Hayes during his burglary trial; David Clay Robinson represented Hayes during his post-conviction proceedings, which were resolved against Hayes.

Beginning in 1994, Hayes began writing a series of letters to Baker expressing his displeasure with her representation. [1] These letters accused Baker of hiding exculpatory evidence and conspiring against Hayes to put him in prison; the letters also blamed her for his incarceration and contained Biblical passages and references to the movie Cape Fear. Baker turned the letters over to the FBI, which began an investigation. Hayes also wrote a letter to Robinson which made many of the same allegations. In order to help the jury understand the basis for Baker's fears, the Government showed the movie Cape Fear to the jury over defense objection.[2]

_____

[1] By this time, Baker had left private practice and was serving as a prosecutor with the United States Attorney's Office for the District of South Carolina.

[2] The Government laid a foundation which showed that the movie was broadcast on television on the date Hayes wrote the March 1995 letter to Baker and that Hayes was watching television during the hours the movie was broadcast. The Government also established that the television version of the movie was substantially similar to the videocassette version shown in court. In the movie, a convict who is released from prison, tracks down his former defense attorney and accuses him of hiding exculpatory evidence. The convict then harasses, stalks, terrorizes, and eventually attempts to kill the attorney and the attorney's family.

2

Hayes's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the district court erred in denying Hayes's motion to disqualify the United States Attorney's Office for the District of South Carolina, whether the court abused its discretion in allowing the Government to show Cape Fear to the jury, whether the evidence was sufficient to support the finding that the language in Hayes's letters constituted a threat, and whether the court erred by failing to group Hayes's offenses for sentencing. Hayes has filed a pro se supplemental brief asserting that he was denied effective assistance of counsel, that the trial court erroneously considered prior, uncounseled convictions in arriving at a sentence, that the court gave an erroneous instruction, that the court erroneously admitted the testimony of a FBI agent, and that the court failed to allow Hayes to waive his right to counsel and proceed pro se. Finding no error, we affirm.

I

Defense counsel filed a pre-trial motion to disqualify the United States Attorney's Office for the District of South Carolina on the ground that Baker worked for that office and that this created an appearance of impropriety. The trial judge did not abuse his discretion in denying Hayes's motion. Hayes never alleged that there was any actual impropriety or that Baker attempted to influence the case. The Government, on the other hand, presented evidence that the United States Attorney's Office followed proper internal procedures and that the only relationship between Baker and the prosecutor was the fact that they worked for the same office.[3] Moreover, even if the trial judge erred in denying the motion, appellate defense counsel properly concedes that Hayes fails to show any prejudice.

II

A trial judge's evidentiary decisions are reviewed for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3640 (U.S. Mar. 28, 1994) (No. 93-7067). In the present case, the district judge did not abuse his

_____

[3] Baker, however, worked in the Charleston office and the prosecutor worked in the Columbia office.

3

discretion in allowing the jury to see <u>Cape Fear</u>. Hayes made references to the book and the movie in two letters. In one of the letters, Hayes specifically advised Baker to view the movie. We find that the showing of the movie was probative to the issue of whether the language in the letters constituted a threat.

III

On direct appeal of a criminal conviction, the "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). With respect to the particular offense with which Hayes was charged, this court has held that: "If there is substantial evidence that tends to show beyond a reasonable doubt that an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury, the court should submit the case to the jury." <u>United States v. Maxton</u>, 940 F.2d 103, 106 (4th Cir.), <u>cert. denied</u>, 502 U.S. 949 (1991).

We find the evidence sufficient to sustain Hayes's convictions under these standards. Both attorney-victims testified that they were put in fear by the letters. In addition, the movie <u>Cape Fear</u> put Hayes's comments in perspective. Although Hayes denied any intent to threaten, the context of the letters clearly established that Hayes blamed his former attorneys for his incarceration, and a reasonable juror could conclude from the language in the letters that Hayes intended to threaten the attorneys with the type of terrorism found in the movie.

IV

Hayes argues that the counts related to the letters sent to Baker should have been grouped together for sentencing pursuant to USSG § 3D1.2(b).[4] This court reviews "a question involving the legal interpretation of Guidelines terminology and the application of that termi-

_____

[4] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995). This section allows for the grouping of offenses when the counts involve substantially the same harm to the same victim and when all of the counts are connected as part of a common scheme.

4

nology to a particular set of facts de novo," United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991), but the determination as to the underlying facts is reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

The Second and Eleventh Circuits have recently addressed this issue in cases which are factually similar to Hayes's. See United States v. Miller, 993 F.2d 16, 21 (2d Cir. 1993) (defendant sent several threatening letters to his landlords); United States v. Bonner, 85 F.3d 522, 524-26 (11th Cir. 1996) (defendant made over twenty threatening telephone calls to the Assistant United States Attorney who prosecuted him in an earlier case). The Miller and Bonner courts held that while the letters and telephone calls were arguably part of a common scheme of harassment, each one inflicted a separate psychological harm, citing USSG § 3D1.2, comment. n. 4.[5]

We are inclined to adopt the approach used by the Second and Eleventh Circuits in resolving this issue. Baker testified that she experienced increasing levels of fear with each letter. Moreover, as in Bonner, the fact that Hayes continued to send threats after his initial letter suggests that he intended to inflict new harm with each letter. Since the record supports the district court's factual finding that each of Hayes's letters caused a distinct harm, we hold that the trial judge did not err by refusing to group Hayes's offenses under USSG § 3D1.2(b).

V

Hayes personally asserts that his defense counsel was ineffective for failing to raise an insanity defense. Specifically, Hayes contends that at the time he wrote the letters he was taking a prescribed medication that has been shown to have psychiatric side effects.

A claim of ineffective assistance of counsel is not cognizable on direct appeal unless counsel's deficiency clearly appears on the face of the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th

_____

[5] This Application Note states that grouping is only proper when the counts "represent essentially one composite harm to the same victim."

5

Cir. 1991), cert. denied, 503 U.S. 997 (1992). There is no such showing in this record.

VII

Hayes, citing United States v. Tucker, 404 U.S. 443 (1972), argues that the trial court impermissibly considered prior convictions where Hayes was not represented by counsel in arriving at Hayes's sentence. The record does not support this conclusory claim.

VII

Hayes asserts that the trial court erred "in instructing [the] jury that [the] Government was required to show that Defendant caused a communication to be delivered by the Postal Service." While this is not the exact language used by the district court, we find no error in the trial judge's instructions on the elements of proof.

VIII

During the investigation into the letters, FBI Agent Taylor went to the jail in which Hayes was incarcerated to obtain handwriting and latent fingerprint samples pursuant to a court-ordered subpoena. During the course of this "interview" Hayes admitted to Taylor that he wrote and mailed the letters in question. We find that the trial judge did not abuse his discretion in allowing Taylor's testimony. Taylor did not ask Hayes any questions which would require a Miranda warning.**6**

IX

Hayes claims that the trial court erred by not allowing him to waive his right to court-appointed counsel and proceed pro se. While it is true that a defendant has the right to waive counsel, such waiver must be knowing and intelligent. Faretta v. California, 422 U.S. 806, 814

_____

**6 Miranda v. Arizona**, 384 U.S. 436 (1966). Taylor testified that he only identified himself to Hayes and explained what he (Taylor) was there for. Taylor testified that he probably asked Hayes his name, but that is all he could remember asking Hayes.

6

(1975). Moreover, the trial judge is required to discuss the request with the defendant and to advise him of the consequences of the request. See Townes v. United States, 371 F.2d 930 (4th Cir. 1966), cert. denied, 387 U.S. 947 (1967); Aiken v. United States, 296 F.2d 604 (4th Cir. 1961).

In the present case, the trial judge properly questioned and advised Hayes. Hayes's failure to press the issue could be construed as a waiver and acceptance of the judge's advice. In addition, even if the judge erred by not granting the request, the error was harmless. The trial judge liberally allowed Hayes to make comments, to cross-examine witnesses, to give a closing argument, and to raise defenses during the trial.

X

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7